HORACE BOWE AND SUSAN BOWE v. GILBERT L. BOWE.

*Guardianship—Mortgage extorted from ward.*

Relief may be granted as against a mortgage extorted by a son from his parents by oppressive means and for an inadequate consideration, while he was practically in a position of guardianship over them and their property.

A son whose parents have turned over their property to him in consideration that he will support them, is in a position of guardianship over them and is bound to take no advantage of them in dealing with them.

Where a mortgage was cut down on appeal by the mortgager on a bill to set it aside, complainant was granted costs of both courts, and was permitted to apply them, when taxed, as payment on the mortgage.

Appeal from Van Buren. Submitted October 23. Decided November 29.

BILL TO SET ASIDE A MORTGAGE. Bill dismissed. Complainants appeal.

*Clapp & Fyfe* for complainants.

*Benjamin F. Heckert* for defendant.

COOLEY, J. The bill in this case was filed to set aside a mortgage given by parents in extreme old age to a son.

In August, 1877, the complainants, who then owned a little farm of thirty acres in Van Buren county, worth perhaps fifteen hundred dollars, conveyed the same to their son, the defendant, on an understanding that he was to take possession of and work it, and to give them a support and home in his family. To secure the support a life lease was given back. The father was then seventy-five years of age, the mother somewhat younger. The son was married, and there seems to have been on the part of the old people some fears that the two women would not get along well together. The apprehensions proved well founded, and at the end of a year or there-

abouts the son reconveyed the land, but demanded and received from his parents a note for eight hundred dollars, secured by mortgage on the land, to satisfy the claims which he then made against them. These claims were made up in great part of charges for the support of his parents after the deed was given, for work done and improvements made upon the farm, small sums paid for the use of complainants, etc. The bill seeks to set aside this mortgage as having been obtained by undue influence, and as being without consideration.

It is claimed by the complainants that they were over-persuaded into the first arrangement by the importunities and artifices of the defendant. On the other hand the defendant denies this, and insists that the arrangement was entered into by him on the urgency of his parents. The proofs give some countenance to the claims on each side, but we are not called upon to decide between them. That arrangement has been rescinded, and we are concerned only with the transaction of the settlement and the giving of the note and mortgage. The previous transactions are important in so far as they fixed the relations of the parties when the securities were taken, but no farther.

And we think that those relations were such that the defendant was under obligations, not only to commit no fraud and resort to no artifice, but to deal fairly and frankly, and to take no advantage. The complainants were in extreme old age and had put themselves in his hands as their protector and provider. For the time he was in possession of their little property and held the title to it. They had found the arrangement one that deprived their old age of comfort, and were extremely solicitous to regain their former independence. At the time defendant gave assent to this, he practically held a position of guardianship over them, and over their property, and if he saw fit to dictate unfair terms was morally certain to obtain them. It is not necessary, under such circumstances, that the court should be satisfied the

case was one of fraud, or even of undue influence: it is enough if the defendant has dealt oppressively with his parents, and that the consideration for the mortgage was either wanting or was inadequate.

An examination of the evidence convinces us that defendant had a just claim, but that he took advantage of the anxiety of his parents to recover the home of their old age, and extorted a mortgage which threw upon them all the pecuniary losses of their previous unfortunate arrangement. There was no equity in this, and it would not have been submitted to by persons who were dealing on equal terms.

A large part of the consideration of the mortgage is made up by charging the parents with their board while defendant had them with him on the farm. Other little items would be as unjust as this, unless the defendant is charged with rent of the place. We are of opinion that the support of the parents and the work done by defendant in cultivating the place, with some small payments made by him for them, should be offset against what he was able to realize from the farm and moneys and other things of theirs which he made use of, and that if he is the loser from this adjustment, the loss must be regarded as an inevitable incident to an unwise arrangement whereby people of incompatible dispositions were brought into daily and hourly intercourse.

But the defendant made some permanent improvements upon the place, for which he should be allowed. If he had taken from his parents securities to the extent of four hundred dollars, we think it would have been all that under the circumstances he could in good conscience demand, and that the excess above that sum must be held to be without consideration. The able and careful presentation of the case made in the brief for the defendant does not enable us to see the case in any light more favorable to him. We put aside as having no important bearing on the case some old claims now brought forward by the defendant, which are stale and would doubt-

less long ago have been passed if well founded and unsatisfied.

The decree will reduce the note and mortgage to four hundred dollars, to bear interest from this day. The complainants will recover costs of both courts, and the costs, when taxed, may be applied as payment on the mortgage.

The other Justices concurred.