## HANNA v. WILCOX.

1. **Conveyance:** UNDUE INFLUENCE: ADULTEROUS RELATIONS. Where the parties to a conveyance of property are living in adulterous relations, such conveyance will be presumed to have been procured by undue influence, and the burden rests upon the one claiming thereunder to establish a valid and legal consideration therefor, otherwise upon the death of the other party the property will be restored to his or her legal heirs.

*Appeal from Audubon Circuit Court.*

MONDAY, APRIL 26.

ACTION in chancery to subject certain promissory notes secured by mortgage, and other chattels in possession of defendant, to the claim of plaintiff as administrator, and declare the same to be assets of the estate. The decree grants the relief prayed for as to a part of the property. Both parties appeal.

*J. M. & R. W. Griggs,* for plaintiff.

*Nicholls & Reigart,* for defendant.

BECK, J.—I.   The petition and amended petition allege that in 1874 the intestate, John Jones, who then lived in Minnesota, abandoned his wife and family, and in company with plaintiff removed to Audubon county, where they lived together ·in adulterous relations until his death, in 1878.   It is alleged that Jones, at the time he came to this State, had a large sum of money and personal property of considerable value; that he purchased a tract of land described in the petition, and the conveyance therefor was made to defendant; that this property was exchanged for other lands, which were also conveyed to defendant, and that after intestate's death defendant sold the lands last mentioned and received in consideration therefor three promissory notes, amounting to $950, which are secured by a mortgage upon the land sold.   These notes and other personal property brought by the intestate from Minnesota, or purchased with his money, are now in defendant's hands. It is alleged that Jones, by reason of his great age, was of weak mind, and that defendant, by ministering to his passions through adulterous intercourse with him, obtained undue influence over him, which she exercised to induce him to cause the real estate above referred to, to be conveyed to her, and that the property in dispute is now held by her in fraud of the widow and heirs of intestate.   The defendant, in her answer, avers that she was legally married to Jones, and the property in controversy and the lands described in the petition were purchased with her own money.   Other allegations of the pleadings need not be here stated.   The case is triable here *de novo*.

II.   We find from the evidence presented in the abstract the following facts:

· 1.   In 1874, the intestate, then eighty years of age, sold his farm is Minnesota, where he was living, and with a large part of the proceeds came to Iowa, bringing with him defendant, with whom, ever afterwards, he had adulterous relations.

*Margin note: t. CONVEY-ANCE: undue influence: adulterous relations.*

2. Defendant had no property or money of her own. She had been living in intestate's family as a servant, and intimacy between her and intestate first began while she was serving him.

3. The personal property brought by the parties to Iowa all belonged to intestate, and the lands described in the petition were purchased with his money.

4. The parties were never lawfully married, and intestate was never divorced from his lawful wife. This was well known to defendant. They lived together in adultery as man and wife.

5. The intestate was eighty years old when this adulterous connection was formed, and his mind was, to some extent, impaired by his age. The defendant was thirty-five years of age. While she was ignorant, deaf, had lost an eye and had no womanly charms, she possessed great force of will and determination of purpose, as is clearly shown by the fact that though dismissed more than once by intestate's wife from employment, she returned again and retained her hold upon the husband.

6. Through the influence plaintiff acquired over the intestate by her adulterous relations, she induced him to intrust her with his money and property, and to cause the conveyances for the lands to be made to her.

7. The notes described in the petition were received by her in consideration of the conveyance of the lands bought with intestate's money, and the other personal property belonged to intestate.

III. Under the doctrine of *Leighton v. Orr*, 44 Iowa, 679, the decree of the court below, so far as it denies relief to plaintiff, must be reversed. We held in that case that influence obtained by immoral conduct and adulterous relations is regarded in the law as undue influence, and cannot be exercised to the advantage of the person possessing it, and when such relations exist, the burden is upon the one claiming under a conveyance executed by the other party to the unlaw-

ful relations to show that it was not procured by undue influence. The exercise of unlawful influence will be presumed when the parties to a deed live in adulterous relations, in the absence of proof of a lawful consideration. These rules are in accord with sound reason and legal principles. Their application will tend to restrain immorality. No paramour should be permitted to enjoy the wages of her sin, which she obtains through the generosity of her victim, stimulated by her ministry to his passions.

Applying these rules to the case before us, we hold that all the notes and property in the possession of defendant, and described in the petition, must be regarded as assets of the estate of which plaintiff is administrator. A proper decree will be entered in this court granting relief to plaintiff to the full extent prayed for in his petition. The case is

REVERSED ON PLAINTIFF'S APPEAL.
AFFIRMED ON DEFENDANT'S APPEAL.