LEVI H. SCHOFIELD v. ELIZA H. WALKER.
IN THE MATTER OF THE ESTATE OF ELIZA H. DISBROW.

*Probate law—Facts known to decedent—Undue influence.*

1. In a proceeding to probate a will, a legatee is not disqualified from testifying to matters which, if true, must have been equally within the knowledge of the testator. Section '7545 has no application to such a case.

2. Where the probate of a will is contested upon the ground of undue influence exercised over the mind of the testatrix by her pastor and his wife, in whose family she was a boarder, and where the trial judge correctly and fully instructed the jury upon the subject of undue influence, it was not error to refuse the following instruction: "If you find that a confidential relation existed between the parties, as the contestant claims, and that Mrs. Disbrow reposed her confidence in Mr. and Mrs. Schofield, and that they had such influence over her as is claimed, that influence must be kept free from selfish interest and cunning and overreaching bargains, and in their dealings with her no selfish advantage must have been taken of this influence. Such influence must be exercised in good faith, and not abused. It must be directed with reference to Mrs. Disbrow's best interest, and not to further their own selfish interests at her expense." The language was inapplicable to the case before the court.

3. Neither was it error, in view of the charge as given, for the court to refuse to give the following instruction: "If you find this confidential relation in fact existed, and the Schofields possessed the influence over Mrs. Disbrow as it is claimed they did, and that she reposed her trust and confidence in them as claimed, the situation would impose a solemn obligation upon the Schofields to abstain scrupulously from attempting to derive any pecuniary benefit to themselves which selfish motives might suggest at the sacrifice of those interests which they were bound to protect; for if confidence is reposed in that matter, it creates a high and sacred trust, and an obligation and duty which must be observed. If confidence is reposed, it must be faithfully

acted upon and preserved from any intermixture of imposition. If the means of personal control are given, they must always be restrained to purposes of good faith." The language is obscure when applied to the facts of the case. The rule of technical morality does not require that a person occupying confidential relations to a testator must do or say nothing to influence the action of the testator in his favor. If the influence exerted is not what in law is termed "undue influence," technical morality is not violated by its use.

4. Influence obtained by modest persuasion and arguments addressed to the understanding, or by mere appeal to the affections, cannot properly be termed undue influence in a legal sense; but influence obtained by flattery, importunity, superiority of will, mind, or character, or by what art soever that human thought, ingenuity, or cunning may employ, which would give dominion over the will of the testator to such an extent as to destroy free agency, or constrain him to do, against his will, what he is unable to refuse, is such an influence as the law condemns as undue when exercised by any one immediately over the testamentary act, whether by direction or indirection, or obtained at one time or another.

Error to Kent. (Montgomery, J.) June 11.—Sept. 29.

Appeal from probate. Contestant brings error. Affirmed.

*Blair, Kingsley & Kleinhans,* for appellant, cited *Bachelder v. Brown* 47 Mich. 366; *Hatch v. Peugnet* 64 Barb. 190; where a person makes a will in favor of his priest or religious adviser to the exclusion of the natural objects of his bounty the law presumes undue influence, and to sustain the will there should be some proof beside the making of it: *Marx v. McGlynn* 88 N. Y. 357; courts sit to enforce what has not inaptly been called a technical morality. If confidence is reposed it must be faithfully acted upon, and preserved from any intermixture of imposition. If influence is acquired it must be kept free from the taint of selfish interest, and cunning and overreaching bargains: Story's Eq. Jur. § 308; *Taylor v. Taylor* 8 Howard 200; see *Jacox v. Jacox* 40 Mich. 480.

*J. C. Fitz Gerald* and *Allen D. Adsit* for appellee. The contestant of a will is no more a party to the proceeding to probate it than any other person not named .in the will who is legally interested in the estate, adverse to its validity: 3 Redf. Wills 63 *n.* 39; 1 Wms. Ex'rs (6th Am. ed.) 333; *Allison v. Smith* 16 Mich. 416; *Benoist v. Murrin* 48 Mo.

48; *Stevens v. Hope* 52 Mich. 66; *Patton v. Allison* 7 Humph. 329; *Grignon v. Astor* 2 How. 319; in New York, under the peculiar statute of that state, "an executor propounding a will may testify not only in regard to the execution of the will, but also as to other transactions and communications with the deceased:" *Whelpley v. Loder* 1 Demarest 368–377; *Children's Aid Society v. Loveridge* 70 N. Y. 387; in *Orr v. Cox* 3 Lea 619, under a statute providing that "in actions or proceedings by or against executors, administrators or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with, or statements by the testator, intestate or ward, unless called to testify by the opposite party," a contest over a will was held not to be a suit by or against an executor in such a sense as to bring the parties within this exception, and the parties were held competent to prove conversations with or declarations of the testator bearing upon the issue; a proceeding of this character was a contest between those claiming under the will on the one side, and those claiming against it on the other, and did not fall within the reason or principle of the exception under the statute; a person interested only in the event of a suit or proceeding could not be disqualified from being a witness on the ground of being a party to it: *Mull v. Martin* 85 N. C. 406; *McFarlane v. Clark* 39 Mich. 44; *Lawyer v. Smith* 8 Mich. 412.

CHAMPLIN, J. In this cause the paper writing alleged to be the last will and testament of Eliza H. Disbrow was propounded for probate in the probate court for the county of Kent, by the said Levi M. Schofield, proponent, in and by a petition filed in said court, upon the 15th day of July, 1884, which petition was in the usual form. The said contestant appeared, and filed her answer to said petition, thereby objecting, as one of the heirs-at-law and next of kin of said deceased, to the allowance and probate of said paper writing as the last will and testament of said Eliza H. Disbrow, deceased, for the reason that the said deceased, at the time of the making and execution thereof, was not of sound mind or testamentary capacity; that she was under restraint and undue influence at the time of the execution thereof, and was unduly influenced to make the same by the

said proponent and his wife, Mrs. Levi M. Schofield, the legatees and devisees named in said instrument; and that the said instrument was not, in fact, the last will and testament of said deceased. And upon the hearing of said matter, the probate judge of said court having decided in favor of the validity of said will, an order was entered in said cause allowing the same, and admitting it to probate as the last will and testament of said Eliza H. Disbrow, deceased, from which order or decree of said probate court an appeal was taken by said contestant to the circuit court for the county of Kent. And said appeal having been duly perfected, an order was entered framing the issue in said cause as follows, to wit: " Whether the paper writing probated by the probate court of Kent county, as the last will of said deceased, is, in fact and law, the last will of said Eliza H. Disbrow, deceased." And the said cause having been brought to trial before a jury duly impaneled to try the same upon the issue thus framed, the said jury found the said issue in the affirmative, and judgment was thereupon rendered by said court in the usual forms, upon and in accordance with the said verdict, declaring the said will to be the last will and testament of said Eliza H. Disbrow, deceased.

On the trial in the circuit court, Mrs. L. M. Schofield, who was named as a legatee in the will, was produced as a witness by the proponent, and asked the following questions:

" *Question.* Now, I will call your attention to this will. Before this will was made, did you have any conversation with her upon the subject of her making her will?"

Whereupon the attorneys for said contestant objected to said question, and to the witness answering the same, for the reason that said question was incompetent and inadmissible, for the reason that the said witness, Mrs. Schofield, was made incompetent and disqualified as a witness in her own behalf, being a person for whose benefit the suit or proceeding was prosecuted, and a party in interest, and therefore the statute (How. Stat. § 7545), was a bar to the admission of her testimony on the point in question, and excluded her from answering the said question, and from testifying on the point,

for the reason that the matter, if true, must have been equally within the knowledge of the deceased, Mrs. Disbrow, and not known to any other person; and that the said circuit judge overruled the said objection and allowed the said question to be put, and answered by said witness. And the said witness answered the said question as follows:

*Answer.* Well, there was in January. I suppose this would be what would come under that head. In January she was very much troubled. In the morning she came down, she would say, 'I could not sleep; my mind is in such a condition, I cannot sleep.' I wanted to know what was the matter. She said her affairs was not in a shape that she would want to leave them if she should drop off. I said: 'Put them in a shape that you can relieve your mind. Don't let such a thing as that keep you awake.' For she would feel very badly when she didn't get her sleep, and she said she wanted to talk to me about it. I said I had nothing to say on that question; that must be for herself; she must go to her lawyer and make her own will; I had nothing to do with that. She was then going down to Mr. Taggart's every day for four or five days, and then she said: 'I feel easier. I have got that thing settled.'"

This constitutes the first assignment of error. The ruling of the court was correct. The contestant had introduced testimony tending to prove that Mrs. Schofield had exerted an undue influence over the testatrix in making her will, and she was introduced for the purpose of rebutting this evidence. She was not a party to the proceedings to establish the will. She may be interested, but such interest is remote and contingent. The debts must first be paid, and these may consume the whole estate. Under statutes or practice where interested persons are disqualified, she would be a competent witness. *Freeman v. Spalding* 12 N. Y. 373; *Lawyer v. Smith* 8 Mich. 411–424. But our statutes have removed the disqualification of a witness on the ground of interest, and there appears to be no reason why she is not a competent witness.

The second assignment of error is substantially the same as the first, and must be overruled for the same reason.

The third and fourth assignments of error are based upon the refusal of the court to give the following instructions, namely:

*Third.* If you find that a confidential relation existed between the parties, as the contestant claims, and that Mrs. Disbrow reposed her confidence in Mr. and Mrs. Schofield, and that they had such influence over her as is claimed, that influence must be kept free from selfish interest and cunning and overreaching bargains, and in their dealings with her no selfish advantage must have been taken of this influence. Such influence must be exercised in good faith and not abused. It must be directed with reference to Mrs. Disbrow's best interests, and not to further their own selfish interests at her expense.

*Fourth.* If you find that this confidential relation in fact existed, and that the Schofields possessed the influence over Mrs. Disbrow that it is claimed they did, and that she reposed her trust and confidence in them as claimed, the situation would impose a solemn obligation upon the Schofields to abstain scrupulously from attempting to derive any pecuniary benefit to themselves which selfish motives might suggest, at the sacrifice of those interests which they were bound to protect; for if confidence is reposed in that manner, it creates a high and sacred trust and an obligation and duty which must be observed. If confidence is reposed, it must be faithfully acted upon and preserved from any intermixture of imposition. If the means of personal control are given, they must always be restrained to purposes of good faith.

The confidential relation alluded to in the above requests refers to the evidence introduced by the contestant, tending to prove that the proponent of. the will was, at the time of the death of Mrs. Disbrow, and had been for two years prior thereto, pastor of the Westminster Presbyterian church, of which Mrs. Disbrow was a member and constant attendant up to the time of her death, which was very sudden, and while she was walking upon the street; and Mrs. L. M. Schofield was the wife of her pastor. She resided in her pastor's family, and by her will made Mr. and Mrs. Schofield her sole legatees and devisees of all her property.

The contestant's counsel claims that these requests should have been given to the jury for a standard of conduct or

morality that should govern the jury in their deliberations over the point whether Rev. Mr. Schofield and wife did what they ought not to have done in obtaining this will when confidential relations existed between them and the old lady. ·And they insist that when such relation exists, a different kind of conduct is required on the part of beneficiaries under a will, where they procure the testator to make the gifts to them, than would be required of strangers ; that in such cases there is a "technical morality" which imposes a duty, where confidence is reposed, to faithfully act upon it and preserve it from any intermixture of imposition ; and if influence is acquired it must be kept free from the taint of selfish interest and cunning and overreaching bargains. The question presented is whether the charge of the court sufficiently covered the point presented.

Upon an examination of the charge of the court we are satisfied that the court in a clear and perspicuous charge to the jury, covered the whole law applicable to the case, and that his refusal to charge in the language of the request was not error. He instructed the jury upon the law covered by the requests that

"The contestant claims that she has put evidence in tending to prove that Mrs. Disbrow made this will in favor of her religious adviser and his wife, both of whom it is claimed were her confidential and trusted friends, to the exclusion of the contestant, her niece, and a natural object of the testatrix's bounty ; and that Mr. and Mrs. Schofield had constant opportunities of exerting undue influence, and that the will is unreasonably and extravagantly in their favor. If you find from all the evidence in the case that such confidential relations in fact existed between the parties as claimed by the contestant, and that the opportunity for undue influence existed, as claimed, and if you find as a fact that the will presented was unreasonably and extravagantly in favor of Mr. and Mrs. Schofield, to the exclusion of the natural objects of Mrs. Disbrow's bounty,—if you find all this as a fact, it will not be without considerable significance ; for an inference may legitimately be drawn therefrom which would be unfavorable to the freedom of action which a will requires. If you find as a fact the existence of the confidential relations claimed by the contestant to exist in this case, and that the trust and

confidence claimed was in fact reposed, their dealings, while they are to be closely scrutinized for the detection of any advantage being taken, yet if the influence they possessed was not in fact exerted, and did not in fact procure this will, then the will is her will, and should stand notwithstanding the existence of the confidential relations and the confidence reposed; for the law does not, because of the existence of confidential relation or confidence reposed, however full the confidence or close the relation, incapacitate persons occupying such positions of trust from receiving the bounty of the testatrix; and does not impose upon them the duty of refusing such bounty, or of advising or persuading testatrix not to give it."

The foregoing instructions were given. at the request of the contestant's counsel, and he further instructed the jury, upon this branch of the case, upon his own motion, as follows:

" The proponent's theory of the case is that the deceased, Mrs. Disbrow, had suffered from ill treatment at the hands of her brother, her only relative living here, and the only near relative she had seen for many years; that Mr. Schofield, in the matter of her differences with her brother, befriended her, and advised her for what he conceived to be her good; that her life at Mr. Ball's became so unpleasant that she felt she could not live there longer, and that she was received into the family of the Schofields as a boarder, partly because of her desolate condition, and was from thence considered and treated as one of the family; and that she, from her association with the Schofields, and because of her kindly treatment, conceived and entertained a strong affection for the members of the family, and that, induced by such affection and by the expectation of continuing to share the home of the Schofields during life, she freely, without compulsion or undue influence, made the will in question in their favor, and did not even inform them of the fact until after a lapse of considerable time from the date of its execution.   Such is the theory of the proponents.   If that theory is maintained, this is a valid will.

The contestants, on the other hand, contend that the Schofields took advantage of the intimate and confidential relations established between them, and overpowered the will and mind of the testator, and induced her to make a will in their favor.   And if you find the fact to be that they did so

take advantage of the situation, and overpowered her will and mind, either one or both of them, so that in the making of this will she was not a free agent,—if you find that undue influence was used, in other words, in inducing her to make this will, the will should not be sustained.

\*    \*    \*    \*    \*    \*    \*    \*    \*

It is not claimed in this case that there is any direct evidence of undue influence; but it is claimed by contestant that she has put evidence into the case which tends to prove indirectly, though not directly, that undue influence was used by the Schofields in procuring this will.  And this claim is made from all the circumstances of the case.

It is claimed, among other things, that Mr. Schofield was the religious adviser of the testator; that he and his wife were the confidential friends and advisers of the testatrix, I should say; that they had constant opportunities of exerting undue influence; and that the will is unreasonably in their favor; and that the natural object of the testatrix's bounty, the niece, was absent during this time, and is excluded by the terms of the will, as it appears.  If you find that such confidential relations existed in fact, existed between the parties as claimed, and that an opportunity for undue influence existed as claimed, and if you find as a fact that the will presented was unreasonably and extravagantly in favor of Mr. and Mrs. Schofield, to the exclusion of the natural objects of Mrs. Disbrow's bounty, these circumstances will be of some significance, as an inference may be drawn unfavorably to the freedom of action which a will requires. But such inference must be drawn by you as an inference of fact, and you must be able to say that such an inference is justified upon the whole evidence.

Naturally, in determining as to whether the will is unreasonably in favor of Mr. and Mrs. Schofield, you will consider the relations existing between the testatrix and her immediate and near relatives.  Her want of affection for her brother may be considered; the fact, if you find it to be a fact, that she had assisted the niece, Mrs. Walker, in times past; the fact of her slight acquaintance with her; that she had not seen her in some fifteen years; together with the evidence tending to show that she entertained kindly feelings towards the Schofields, and expected to remain a member of their family.

You will readily perceive, gentlemen, that an inference might be drawn from the fact of the exclusion from her bounty of near relatives, with whom the deceased had been

on intimate and friendly terms, more strong than would be justified by the exclusion of one against whom the testatrix entertained no kindly feeling, or one who was a comparative stranger. So, in determining the weight to be attached to the circumstance that confidential relations existed, you will consider how far these relations induced trust and confidence on the part of the testatrix ; or, on the other hand, how far the testatrix was in her business affairs self-reliant. If such confidential relations existed, the law imposed upon the Schofields the duty of abstaining from attempting to derive benefit to themselves by taking advantage of the situation and of the trust reposed ; while if such confidential relations existed, and such trust and confidence was reposed, this is not sufficient to defeat the will, unless advantage was taken of the situation."

We think the charge of the court above given covers the law respecting the technical morality which Mr. and Mrs. Schofield were bound to observe under the facts of this case as indicated by the bill of exceptions. This was not a case where it was claimed that an overreaching bargain had been made between persons occupying confidential relations, wherein a court of equity was appealed to to set the same aside because of a selfish advantage having been taken by the person exerting an undue influence in his dealings with another. The language of the third request applies to a case of this kind, and was inapplicable to the facts before the court.

The language of the fourth request is obscure when applied to the case under consideration. It asserts the rule of law that where there is a trust relation existing, and a confidence reposed in consequence thereof, that situation imposes upon the party occupying such relation a solemn obligation to abstain scrupulously from attempting to derive any pecuniary benefit which selfish motives might suggest at the sacrifice of those interests which he is bound to protect. But what interests are here alluded to that the Schofields were under any obligation to protect? A person of sound mind, who is under no legal restriction, has the undoubted right to dispose of his estate by will to whomsoever he may choose. No kinsman has a vested right therein

and no interests to be protected. The jury had already been instructed, at the request of the contestant, as above cited, that if the influence the Schofields possessed was not in fact exerted, and did not in fact procure the will, then it is her will and should stand, notwithstanding the existence of the confidential relations and confidence reposed; for the law does not incapacitate persons occupying such positions of trust from receiving the bounty of the testatrix, and does not impose upon them the duty of refusing such bounty or advising or persuading the testatrix not to give it.

The contestant seems to contend that the person occupying such confidential relations must do or say nothing to influence the action of the testator in his favor. This is extending the principle too far. Technical morality does not inhibit a person standing in confidential relations to another, who reposes confidence in him, from using or exerting any influence whatever to obtain a benefit to himself of a bounty bestowed by the last will of such other person. If the influence exerted is not what in law is termed " undue influence," technical morality is not violated by its use.

The contestant requested, and the court charged in the language of the request, that " influence obtained by modest persuasion and arguments addressed to the understanding, or by mere appeal to the affections, cannot be properly termed undue influence in a legal sense ; but influence obtained by flattery, importunity, superiority of will, mind or character, or by what art soever that human thought, ingenuity or cunning may employ, which would give dominion over the will of the testator to such an extent as to destroy free agency, or constrain him to do against his will what he is unable to refuse, is such an influence as the law condemns as undue, when exercised by any one immediately over the testamentary act, whether by direction or indirection, or obtained at one time or another."

This is a correct statement of the law, and in connection with the other instructions given relative to undue influence, was all that the case required.

There appearing no error in the record, it must be certi-

fied to the circuit and probate courts that the will propounded as the last will of Eliza H. Disbrow, deceased, is her last will, and is entitled to be admitted to probate as such. The proponent will recover costs.

CAMPBELL, J. concurred.

COOLEY, C. J. and SHERWOOD, J. concurred in the result.