## SULLIVAN.

---

## WHIPPLE *v.* BARTON.

To sustain a gift from a client to his attorney, the burden is upon the latter to show not only that it is voluntary, but also that it is made with full knowledge of all material facts known to him, and without undue influence.

ASSUMPSIT, to recover the excess over ten dollars paid by the plaintiff out of his pension money to the defendant for his services as an attorney in procuring a pension.    Facts found by the court. Upon the question whether the payment was exacted by the defendant, or was a voluntary gift, there was no preponderance of evidence in favor of the defendant.

*G. R. Brown*, for the plaintiff.

*L. W. Barton*, for the defendant.

CARPENTER, J.    It is unnecessary to consider the effect of U. S. Rev. St., s. 5485.    To establish a gift from a client to his attorney, in whatever form the question may arise, it is incumbent upon the latter to show affirmatively not only that it is voluntary, but also that it is made with full knowledge on the part of the client

of all material facts known to the attorney, and that it is not brought about by any undue influence, either actively exerted or arising from the relation between them. The presumption is against its validity. *Nesbit* v. *Lockman,* 34 N. Y. 167; *Whitehead* v. *Kennedy,* 69 N. Y. 462; *Cowee* v. *Cornell,* 75 N. Y. 99; *St. Leger's Appeal,* 34 Conn. 435; *Newman* v. *Payne,* 2 Ves., Jr., 200; *Gibson* v. *Jeyes,* 6 Ves., Jr., 278; *Wood* v. *Downes,* 18 Ves., Jr., 120; *Savery* v. *King,* 5 H. L. Ca. 627; 1 Sto. Eq. Jur., ss. 310–312. No preponderance of evidence being found in favor of the defendant, the plaintiff prevails.

*Judgment for the plaintiff.*

BLODGETT, J., did not sit: the others concurred.