### JUNE *v.* WILLIS.

*(Circuit Court, N. D. New York.* January 12, 1887.)

FRAUD—CONFIDENTIAL RELATIONS—SUIT TO SET ASIDE CONVEYANCE.

Where the grantor of a deed was at the time of its execution 77 years of age, was worried about business matters in connection with the property conveyed, was in the habit of transacting business through the grantee, who was her favorite nephew, and had her unlimited confidence, and signed the deed without any consideration, on the representation of the grantee that he required some written authority from her to act in certain matters connected with the property, and believed she was merely signing a power of attorney, the deed will be set aside in a suit at the instance of the grantor.[1]

In Equity.

*H. D. Donnelly,* for complainant.

*W. G. Peckham,* for defendant

[1]See note at end of case.

COXE, J. This is a suit in equity to set aside a deed executed by the plaintiff to the defendant, on the ground of fraud and undue influence, and because of confidential relations existing between the parties. The plaintiff, her sister, and the children of a deceased brother, were, on the sixteenth of December, 1884, the day the deed was executed, entitled each to an undivided one-third interest in a farm situated in North Salem, Westchester county, New York. This farm had been the property of John J. June, another brother, who died in February, 1884, leaving a will by virtue of which the plaintiff acquired her interest. At the time of the transaction in question the plaintiff was a maiden lady, 77 years of age. Her property consisted in this interest in her brother's real estate, an unliquidated claim against his estate of about $8,000, and $1,500 in money. She had no other property or other means of support. The defendant was an active business man, in the prime of life. He was the favorite nephew of the plaintiff. For 17 years he had invested what little money she possessed, and had her unlimited confidence. This is conceded. It is by no means easy to arrive at an accurate estimate of the value of the property conveyed to the defendant. Although the proof regarding it is far from satisfactory, it is thought that it was worth between $2,000 and $3,000; probably not far from $2,500. The estate of John J. June was in a confused and unsettled condition. The personal property was insufficient to pay the claims against it. The settlement of the estate had perplexed and worried the plaintiff and her sister, Mrs. Margaret J. Willis, the defendant's mother. The two old ladies had lived at the homestead for many years. They hoped to retain possession of the farm, to own it, and to spend their remaining days upon it. To this end their best efforts were directed. Before it could be accomplished, however, it was necessary to purchase the interest of the children of their deceased brother, and discharge other incumbrances upon the place. This required the command of, at least, $2,000 ready money. How to procure this sum was the problem which confronted and annoyed them.

The plaintiff is and was possessed of a perfectly sound mind. She is a woman of intelligence, but at the time in question she was feeble in body. She complained frequently of headache, and was worried and nervous about the settlement of the estate. In these circumstances she sought the defendant for counsel and advice. As a result of several interviews with him, she went, in his company, to White Plains, and signed the deed in question. She testifies that in these interviews he promised to take the place of a lawyer, and act for her as her adviser and friend, but said that it would be impossible to do so intelligently without some written authority from her; that when she signed the deed she supposed it was simply a power of attorney; that she had no idea that she was making an absolute conveyance.

After a careful examination of the testimony, the conviction cannot be resisted that her contention in this regard is true; that it was not her intention to vest irrevocably in the defendant the title to her property. That a woman nearly 80 years of age, dependent for her support upon

her own scanty means, should thus voluntarily and without advantage divest herself of the most valuable share of her property not only, but give up the title to the home where she had lived for over 30 years, and around which clustered a multitude of sacred associations, retaining only the right to a precarious residence upon the premises, is hardly credible. What was she to gain? What motive had she for such a course? The deed was without adequate consideration. There is nothing to uphold it. The theory that it was given for past and future services cannot be sustained, in the light of the fact that she was not bound to pay the defendant for the slight service he had rendered in investing small sums for her, from time to time, and the other fact that there was no obligation on his part to render any service in the future. There is nothing in the deed, or in any other writing, which requires the defendant to do any act or pay any money for her, or on her account. She has given him property worth $2,500, and has received nothing in return. So far as the written transaction is concerned, he may refuse to raise his finger in her behalf, and she will be without remedy. But even had the consideration suggested by the defendant been expressed in the deed, or in another writing, it would have been entirely out of proportion to the value of the interest received by him.

Not only is the plaintiff corroborated by numerous presumptions, but many declarations of the defendant's witnesses are hardly compatible with the theory that the deed was an absolute one. A forcible illustration of this is found in the letter of the defendant's sister, written soon after the deed was executed. She says: "John [the defendant] is simply seeing to Fea's [the plaintiff's] affairs, which she says she cannot do, —that she cannot think. When the thing is settled John gives up, but he could not act for her without authority." The plaintiff's version of the transaction could hardly have been stated more concisely.

It is not at all material what name was given to the paper by the plaintiff. She may have understood that it was a deed. She may have called it a deed. But this matters not, when the testimony clearly indicates that she signed it only for the purpose of giving the defendant authority to act in her name, and not to give him an adverse title to the property. The proposition, in brief, is this: A woman nearly 80 years of age, worried, anxious, and in feeble health, seeks a trusted relative and friend, in whose good faith she has the most implicit confidence, for sympathy and advice. Her object is to devise some means by which her sister and herself can obtain title to an outstanding interest in the farm which had been her home for many years. A few days elapse, and the adviser and friend appears as the absolute owner of her own interest in the farm. For this he pays nothing. No advantage or benefit to her, at all commensurate with the value of the property, is proved; no rational motive for her act is suggested. She insists that she did not intend to convey the property absolutely, and had no idea that she was doing so. A deed given in such circumstances is repugnant to the principles of equity, and cannot be upheld.

The plaintiff is entitled to the relief demanded in the complaint.

## NOTE.

FRAUD—CONFIDENTIAL RELATIONS—UNDUE INFLUENCE. Whenever the relations between parties are such that the donor or grantor appears to be subject to the control or influence of the donee or grantee, the burden is on the latter to show that the transaction was fair and honest, and was not procured by undue influence, Dunn v. Dunn, (N. J.) 7 Atl. Rep. 842; Whipple v. Barton, (N. H.) 3 Atl. Rep. 922; Worrall's Appeal, (Pa.) 1 Atl. Rep. 380, and note; Tancre v. Pullman, (Minn.) 29 N. W. Rep. 171; Davis v. Dean, (Wis.) 26 N. W. Rep. 737; Samson v. Samson, (Iowa.) 25 N. W. Rep. 233; Crawford v. Hoeft, (Mich.) 24 N. W. Rep. 645; Smith v. Smith, (Wis.) 19 N. W. Rep. 47; Ashton v. Thompson, (Minn.) 18 N. W. Rep. 918; Sprague v. Hall, (Iowa;) 17 N. W. Rep. 743; Thorn v. Thorn, (Mich.) 16 N. W. Rep. 324; Hanna v. Wilcox, (Iowa,) 5 N. W. Rep. 717; Noble's Adm'r v. Moses, (Ala.) 1 South. Rep. 217; and, in the absence of such proof of good faith, the transaction will be deemed void, and equity will exercise jurisdiction to set it aside, Dunn v. Dunn, (N. J.) 7 Atl. Rep. 842; Munson v. Carter, (Neb.) 27 N. W. Rep. 208; Davis v. Dean, (Wis.) 26 N. W. Rep. 737; Samson v. Samson, (Iowa,) 25 N. W. Rep. 233; Crawford v. Hoeft, (Mich.) 24 N. W. Rep. 645; Sprague v. Hall, (Iowa,) 17 N. W. Rep. 743; Thorn v. Thorn, (Mich.) 16 N. W. Rep. 324; Hanna v. Wilcox, (Iowa,) 5 N. W. Rep. 717; Watkins v. Brant, (Wis.) 1 N. W. Rep. 82.

The relief granted rests on a general principle, applicable to all relations in which dominion is exercised by one person over another, Munson v. Carter, (Neb.) 27 N. W. Rep. 208; Samson v. Samson, (Iowa,) 25 N. W. Rep. 233; Ashton v. Thompson, (Minn.) 18 N. W. Rep. 918; whether that dominion arises from the superior knowledge of the matters derived from a fiduciary relation on the one side, Dunn v. Dunn, (N. J.) 7 Atl. Rep. 842; Whipple v. Barton, (N. H.) 3 Atl. Rep. 922; Tancre v. Pullman, (Minn.) 29 N. W. Rep. 171; Crawford v. Hoeft, (Mich.) 24 N. W. Rep. 645; McHarry v. Irvin's Ex'rs, (Ky.) 3 S. W. Rep. 374; from weakness, dependence, and trust, justifiably reposed on the other, Ikerd v. Beavers, (Ind.) 7 N. E. Rep. 326; Oakley v. Ritchey, (Iowa,) 28 N. W. Rep. 448; Davis v. Dean, (Wis.) 26 N. W. Rep. 737; from immoral and adulterous relations, Hanna v. Wilcox, (Iowa,) 5 N. W. Rep. 717; or from any social or domestic force, though not sufficient to amount to duress, which controls the free action in the matter, Munson v. Carter, (Neb.) 27 N. W. Rep. 208.

This principle applies especially to transactions between parents and children, when the child has recently come of age, or while it is under the constant and immediate influence of the parent, Ashton v. Thompson, (Minn.) 18 N. W. Rep. 918; Noble's Adm'r v. Moses, (Ala.) 1 South. Rep. 217; or when the child occupies a confidential relation to the parent, Samson v. Samson, (Iowa,) 25 N. W. Rep. 233; Crawford v. Hoeft, (Mich.) 24 N. W. Rep. 645; Bowe v. Bowe, (Mich.) 3 N. W. Rep. 843; and to dealings between persons, one of whom stands *in loco parentis* to the other, Davis v. Dean, (Wis.) 26 N. W. Rep. 737; and between attorneys and their clients, Dunn v. Dunn, (N. J.) 7 Atl. Rep. 842; Whipple v. Barton, (N. H.) 3 Atl. Rep. 922; Tancre v. Pullman, (Minn.) 29 N. W. Rep. 171.

It is not sufficient to avoid a deed or will that its execution was procured by the exercise of honest argument and persuasion, or an influence fairly and honestly acquired, such as one may properly obtain over another, Sturtevant v. Sturtevant, (Ill.) 6 N. E. Rep. 428; Bradford v. Vinton, (Mich.) 26 N. W. Rep. 401; In re Disbrow, (Mich.) 24 N. W. Rep. 624; although such will might not have been made but for such advice or persuasion, Bradford v. Vinton, (Mich.) 26 N. W. Rep. 401; In re Disbrow, (Mich.) 24 N. W. Rep. 624; nor is importunity alone sufficient, but undue influence, obtained by importunity, and which gave dominion over the will of the testator to such an extent as to destroy his free agency, is, In re Disbrow, (Mich.) 24 N. W. Rep. 624; Bledsoe v. Bledsoe, (Ky.) 1 S. W. Rep. 10. The influence must be such that the party stands *in vinculis.* Conley v. Nailor, 6 Sup. Ct. Rep. 1001; Bradford v. Vinton, (Mich.) 26 N. W. Rep. 401; Shepardson v. Potter, (Mich.) 18 N. W. Rep. 575; In re Carroll, (Wis.) 7 N. W. Rep. 434.

Undue influence may be found from all the facts and circumstances surrounding a case, even if there is no positive evidence. Saunders' Appeal, (Conn.) 6 Atl. Rep. 193; Woodbury v. Woodbury, (Mass.) 5 N. E. Rep. 275; Shepardson v. Potter, (Mich.) 18 N. W. Rep. 575; Porter v. Throop, (Mich.) 11 N. W. Rep. 174. It is always a ground of suspicion when a confidential agent takes a considerable interest under an instrument which he has prepared for execution. Yardley v. Cuthbertson, (Pa.) 1 Atl. Rep. 765. This is a rule of equity which applies to any instrument whose procurer is a large beneficiary thereunder, Id.; Davis v. Dean, (Wis.) 26 N. W. Rep. 737; but it has been held that it is immaterial that a deed of gift by a principal to his agent was drawn up by the solicitor of the agent, without the intervention of a third party, and that such deed is valid unless it can be shown that some advantage was taken by the agent of the relation in which he stood to the donor, Ralston v. Turpin, 25 Fed. Rep. 7.

Inadequacy of consideration alone is not generally sufficient to avoid an executed conveyance, though it should always induce close scrutiny of the circumstances. Cole v. Cole, (Neb.) 31 N. W. Rep. 493; McHarry v. Irvin's Ex'rs, (Ky.) 3 S. W. Rep. 374.

While inequality in distribution, among his children, of his property, by a father, may be considered as a circumstance tending to establish unsoundness of mind and undue influence, it is not of itself conclusive, and sufficient to avoid settlement, Salisbury v. Aldrich, (Ill.) 8 N. E. Rep. 777; or to set aside a will, Bledsoe v. Bledsoe, (Ky.) 1 S. W. Rep. 10.