### HAMMOND *v.* WELTON.

DEED—UNDUE INFLUENCE.

Influence obtained by arguments addressed to one's understanding, or by mere appeal to his convictions of right doing, does not constitute undue influence in a legal sense. So *held* with reference to a deed executed by a mother to her daughter.

---

[1] Act No. 307, tit. 4, § 17, Local Acts 1885.

Appeal from Kent; Adsit, **J.** Submitted June 19, 1895. Decided July 9, 1895.

Bill by Horace C. Hammond and others against Mary J. Welton and John Welton to set aside a deed. From a decree dismissing the bill, · complainants appeal. Affirmed.

*Fallass & Swarthout,* for complainants.

*Wolcott & Ward,* for defendants.

LONG, **J.** The bill in this case is filed to set aside a deed from Permelia Walden to Mary J. Welton upon two grounds, to wit, mental incapacity and undue influence. The deed was made December 17, 1891. Permelia Walden died in October, 1893, nearly two years after the deed was made. She was the mother of complainants Horace C. Hammond and Sylvia S. Van Gorder and of defendant Mary J. Welton, and the grandmother of complainants Ella I. Bechtel and Addie M. Bechtel. John Welton is the husband of Mary J. Welton. The court below, after hearing the testimony, which was taken in open court, dismissed the complainants' bill, with costs.

The deed conveyed 40 acres of land of the value of about $2,000. It appears that, for many years prior to the death of her mother, the defendant Mary J. Welton and her mother lived together upon this land. Mrs. Permelia Walden obtained title under the will of her second husband, one Lodowick Walden, the step-father of Horace C. Hammond, Mrs. Van Gorder, and Mary J. Welton. At the time the deed in controversy was executed, Mrs. Walden was about 80 years of age.

The whole controversy is an unfortunate family quarrel, and it would be of no benefit to the parties or to the profession to set out the testimony at length here. It is apparent that the aged mother intended that her daughter Mary should have the property. Mary had lived with her for many years as a member of her immediate family,

and cared for her in her sickness; and, for nearly two years after the deed was made, the parties lived together, during which time Mrs. Walden signified no disposition to have the deed set aside. The record wholly fails to disclose any legal reason for setting it aside upon the ground of undue influence or of incompetency, and we think the testimony abundantly shows mental competency sufficient to characterize her act in its execution as valid; and the influence obtained by arguments addressed to her understanding or by mere appeal to her convictions of right doing cannot be properly termed undue influence. *Schofield* v. *Walker*, 58 Mich. 96. We were satisfied, upon the argument of the case, that no such case had been made, upon either ground, as would warrant this court in setting aside the deed. Upon a more careful examination of the record, our convictions have been strengthened that the court below was correct in the conclusions thus reached.

The decree below must be affirmed, with costs of both courts in favor of defendants.

McGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.