LOCKWOOD *v* LOCKWOOD.

1. DEEDS—CANCELLATION—EVIDENCE.

    A conveyance by an aged widow to her son of all her property, reserving only a life estate, without any written agreement by the son to pay taxes and insurance, to keep the premises in repair, or to maintain and support the grantor, made in reliance on the son's assurances as to what would be for her best interests, will be set aside in equity, where the grantee repudiates all his promises and obligations, and makes the home so unpleasant that the grantor is unable to remain therein.

2. SAME—CONSIDERATION.

    Where the only consideration for a deed from an aged widow to her son and grandchildren was certain obligations assumed by the son, which obligations he wholly fails to perform, the grandchildren cannot complain of a decree setting aside the deed.

3. SAME—PARTIES—NONJOINDER—FAILURE TO DEMUR.

    Where a bill to set aside a conveyance to defendant of land in possession of complainant states that defendant is a married man, but the wife is not made a party, and no demurrer for her nonjoinder is filed, an objection thereto cannot be raised on the hearing.

Appeal from Clinton; Daboll, J. Submitted June 18, 1900. Decided September 13, 1900.

Bill by Catherine Lockwood against Orsamus A., Claud A., and Maud A. Lockwood to set aside a deed. From a decree for complainant, defendants appeal. Affirmed.

*Patterson & Moinet*, for complainant.

*Spaulding, Norton & Dooling*, for defendants.

MOORE, J. The bill was filed in this case to cancel a deed made by the complainant to her only son, Orsamus

A. Lockwood, and to his two children, the defendants herein.   From a decree rendered in favor of complainant, the defendants have appealed.   The defendants interpose the following defenses:

1. That, under the proofs, the complainant has not made out such a case as entitles her to the relief prayed for, as against the defendant Orsamus A. Lockwood.

2. That, as to the other defendants, they not having been charged with any failure or fraud on their part, they cannot be deprived of their interest in the lands in question; their interest having been given to them by complainant as a gift, in consideration of love and affection.

3. That the wife of the defendant Orsamus A. Lockwood should have been made a party defendant.

It is the claim of the complainant (and the circuit judge, who heard the proofs in open court, found her claim to be supported by the evidence) that in 1882 her husband died; that, in anticipation of his death, he deeded 50 acres of his land to his only son, Orsamus A. Lockwood, and the remaining 50 acres of land to the complainant.   Upon the land deeded to the complainant were the farm buildings. This 50 acres was worked by the son, and a share of the proceeds was delivered to the mother, who lived a portion of the time with the son, and a portion of the time with other persons, until in May, 1888.   At this time she was about 70 years old.   She claims that she was ill, and had great confidence in her son, who had either lived with her, or with whom she had lived, since the death of her husband, and that, relying upon his assurances as to what was best for her, and upon his promise that he would maintain and support her the remainder of her life, she was induced to deed to him and his two children the 50 acres of land owned by her.   She alleges that he has not carried out his promise, but that he and his wife have both treated her very badly, and that in April, 1898, she was compelled by her son to leave his home, and that she is now obliged to make her home with strangers.   The son denies that he promised to maintain and support his mother if she would make the deed she did, and says that

she proposed to make it as it was made, and that all he agreed to do was to rent the place from her for three years.

The testimony is conflicting, but there are some things about which there can be no dispute. The complainant for some reason was induced to make to her son and his children a deed of all the property she had in the world, except a little personal property, without any writing being given her in return providing for her maintenance and support. In the deed which was made, there was simply reserved to her a life estate in the farm. The son did not bind himself by any written agreement to pay the taxes or insurance, or to keep the premises in repair, or to maintain and support his mother. It is also beyond reasonable doubt that his home is made so unpleasant for his mother that it would be cruelty to compel her to live therein, and we also think it appears by a preponderance of the evidence that complainant was sent away from his home. The proofs disclose that the complainant had confidence in her son, and relied upon him implicitly. It was his duty to see that her interests were guarded, and that his promises made to her were carried out. Instead of doing so, he has obtained from her, for himself and children, all the property she has; and at the age of 80 years she is without property, and without the home which was promised her. Such a result cannot be permitted by a court of equity to stand. *Seeley* v. *Price*, 14 Mich. 541; *Witbeck* v. *Witbeck*, 25 Mich. 439; *Barnes* v. *Brown*, 32 Mich. 146; *Jacox* v. *Jacox*, 40 Mich. 473 (29 Am. Rep. 547); *Bowe* v. *Bowe*, 42 Mich. 195 (3 N. W. 843); *Finegan* v. *Theisen*, 92 Mich. 173 (52 N. W. 619); *Smith* v. *Cuddy*, 96 Mich. 562 (56 N. W. 89); *Rexford* v. *Schofield*, 101 Mich. 480 (59 N. W. 837).

As to the claim that the interest of the grandchildren in the lands cannot be reached, because they were not guilty of any failure or misrepresentation, it is sufficient to say that nothing passed from them to the complainant, and that the only consideration for the making of the deed

wholly failed, so that no injustice is done them by setting the deed aside.

As to the third defense, that the wife of defendant Orsamus A. Lockwood should have been made a party, the bill sets up that the defendant is a married man. It was not demurred to. The complainant and her lessee are in possession of the land in controversy. Orsamus A. Lockwood and his wife live upon the 50 acres of land deeded to him by his father. The interest of Mrs. Orsamus A. Lockwood in the land in controversy is but an inchoate dower interest. It is evident that this interest will never be anything more if the deed to her husband is canceled by a decree of this court. In *Miller* v. *Thompson*, 34 Mich. 12, Justice COOLEY used the following language:

"It is to be observed, also, that the objection for want of parties was not taken by any pleading, but for the first time at the hearing. At that stage of the case any defect that does not preclude a decree that does justice as between the parties, and fully determines the controversy as between them, should be overlooked. *Payne* v. *Avery*, 21 Mich. 524."

See *Woodward* v. *Clark*, 15 Mich. 110; 15 Enc. Pl. & Prac. 681.

The decree is affirmed, with costs.

The other Justices concurred.