Town of Rochester *v.* Bowers.

---

## TOWN OF ROCHESTER *v.* BOWERS.

[No. 2,721.    Filed November 21, 1899.]

APPEAL AND ERROR.—*Harmless Error.—Pleading.*—Where the record affirmatively shows that the judgment was based upon a good paragraph of complaint, available error cannot be predicated upon the ruling of the court on other paragraphs.

From the Fulton Circuit Court. *Affirmed.*

*M. A. Baker* and *J. H. Bibler*, for appellant.
*Enoch Myers*, for appellee.

HENLEY, J.—This action was commenced by appellee as plaintiff against appellant as defendant by a complaint in three paragraphs. The appellant demurred to each of the pragraphs of the complaint on the ground that neither of said paragraphs stated facts sufficient to constitute a cause of action, each of which demurrers was severally overruled, and to these rulings of the court, appellant excepted. There was an answer filed in two paragraphs; a reply filed by appellee to the second paragraph of answer; and the cause being put at issue, it was submitted to the court for trial without the intervention of a jury. The finding of the court was in favor of the appellee. The appellant moved for a new trial, which was overruled.

The only question in this court arises upon the ruling of the lower court upon the demurrers to the several paragraphs of the complaint. The first paragraph of complaint was a common count for work and labor done, and was in the following language: "Plaintiff complains of the defendant, the incorporated town of Rochester, Indiana, and says that

said defendant is indebted to him in the sum of $193.56 and interest thereon at the rate of six per cent. per annum from May 18, 1896, for work and labor done and performed and for material furnished for said defendant by the plaintiff at the special instance and request of said defendant; an itemized account of which is herewith filed and made a part hereof, marked Exhibit A. That said work and material were reasonably worth the price charged therefor, in the sum of $225, all of which is due and unpaid, and for which sum, his costs, and all other proper relief, he demands judgment."

It is unnecessary that we set out in this opinion the other paragraphs of the complaint, or enter into a discussion as to their sufficiency. The first paragraph of complaint is undoubtedly good. The record in this case affirmatively shows that the judgment was rendered upon the first paragraph of the complaint. The second and third paragraphs of complaint were founded upon a written contract. The judgment of the court was in the following language: "Come the parties by counsel; and the court being fully advised in the premises finds for the plaintiff that there is due him from the defendant, and unpaid, the sum of $199.84 on the account sued on, which is collectible with relief from valuation and appraisement laws, and the court renders judgment on the finding. It is therefore considered and adjudged by the court that the plaintiff recover off of and from the defendant the sum of $199.84, together with his costs and charges in this behalf laid out and expended," etc.

The record in this case affirmatively shows that the judgment is based upon a good paragraph of complaint. Hence the ruling upon the second and third paragraphs, even if they were not sufficient, which we think they were, is harmless. Elliott's App. Proc. §666; *Ryan* v. *Hurley*, 119 Ind. 115; *Lowry* v. *Downey*, 150 Ind. 364; *Miller* v. *Bottenberg*, 144 Ind. 312. It follows from what we have said, that the judgment of the lower court should be affirmed. Judgment affirmed.