HAUCK ET AL. v. MISHAWAKA WOOLEN MANUFACTUR-
ING COMPANY.

[No. 3,448.   Filed April 19, 1901.]

PLEADING.—*Harmless Error.*—Where it affirmatively appears that
the finding and judgment were based on the first paragraph, which
is admitted to be sufficient, available error cannot be predicated
upon the ruling of the court upon the second paragraph of
complaint.  *p. 514.*

APPEAL AND ERROR.—*Evidence.*—A judgment will not be reversed
on the insufficiency of the evidence, where there is some evidence
to sustain it.  *p. 514.*

SAME.— *Trial.—Evidence.— Harmless Error.*—Available error cannot
be predicated upon the action of the court in the admission of cer-
tain evidence, where the same facts it tended to establish were
proved by uncontradicted evidence to which there was and could
have been no valid objection.  *p. 514.*

From the Fulton Circuit Court.  *Affirmed.*

*G. W. Holman* and *R. C. Stephenson,* for appellants.

*E. Myers* and *A. Metzler,* for appellee.

HENLEY, C. J.—This was an action upon an account for
merchandise furnished by appellee to appellant. There
were two paragraphs of the complaint. A demurrer was
overruled to each paragraph of complaint. The answer was
a general denial. It was agreed that all evidence supporting
any matter of defense might be introduced under the general
denial. The trial resulted in a verdict and judgment in
favor of appellee.

It is assigned as error in this court: (1) The overrul-
ing of the demurrer to the first paragraph of amended com-
plaint; (2) overruling the demurrer to the second amended
paragraph of complaint; (3) overruling appellant's motion
for judgment; (4) overruling the motion for a new trial.

The first specification of the assignment of errors need
not be considered for the reason that counsel for appellant

admit that the first paragraph of the amended complaint is sufficient.

The second specification is of no avail for the reason that the finding and judgment of the court affirmatively show that it is based on the first paragraph of complaint. The ruling upon the demurrer to the second paragraph of complaint was therefore harmless. *Town of Rochester* v. *Bowers*, 23 Ind. App. 291; Elliott's App. Proc. §666; *Ryan* v. *Hurley,* 119 Ind. 115; *Lowry* v. *Downey,* 150 Ind. 364; *Miller* v. *Bottenberg,* 144 Ind. 312.

If any question is raised by the third specification, it is waived by a failure to discuss it.

Under the fourth specification the sufficiency of the evidence to sustain the finding and the admissibility of certain evidence is discussed. It is sufficient to say that there was some evidence sustaining the verdict, and that the admission of the evidence complained of was at all events harmless, because the same facts which it tended to establish were proved by uncontradicted evidence to which there was and could have been no valid objection. *Naugle* v. *State, ex rel.,* 101 Ind. 284.

We find no reversible error. Judgment affirmed.