## The Chicago and Eastern Illinois Railroad Company v. Richards.

[No. 3,695. Filed June 28, 1901. Rehearing denied October 23, 1901. Transfer denied November 26, 1901.]

Master and Servant.—*Employer's Liability Act.*—*Railroads.*—*Complaint.*—A complaint against a railroad company for personal injuries alleged that plaintiff while in the employ of defendant as

Chicago, etc., R. Co. v. Richards.

a brakeman attempted to climb to the top of a car while the train was switching and was struck and injured by a car standing on a side-track; that the outside rails of the tracks were so elevated above the inner rails that ordinary box cars standing parallel on said tracks, within thirty feet of the switch stand, and at a point where the inner rails were five feet apart, would lack only six inches of touching at the top; that the car had been negligently left in said position by a conductor of one of defendant's preceding trains, whose duty it was to place said car far enough in upon the side-track that the same would safely clear passing trains; that it was dark when the accident occurred and plaintiff could not have seen the standing car if he had looked, and could not have known that said cars would come dangerously near together if he had seen said car standing on the side-track. *Held*, that the complaint stated a cause of action under the employer's liability act (§7083 *et seq.* Burns 1901). *pp. 48–54.*

MASTER AND SERVANT.—*Personal Injury.—Knowledge of Danger.—Complaint.—Railroads.*—In an action by a brakeman against a railroad company for personal injuries caused by coming in contact with a box car which was left on the side-track by the conductor of one of defendant's preceding trains at a point where the tracks were so constructed that the top of the car came within six inches of the top of a similar car passing on the main track, it was not necessary for plaintiff to allege in his complaint that he had no means or was without opportunity to ascertain the defect or danger, it being sufficient to aver want of knowledge of the defect or danger. *pp. 54–58.*

SAME.—*Personal Injury.—Railroads.—Complaint.*—A complaint in an action against a railroad company by a brakeman for personal injuries caused by coming in contact with a box car standing on a side-track while he was climbing to the top of a car of a passing train engaged in switching is not objectionable because of its failure to show that plaintiff was at the top of the car when he was struck, when the pleading shows that the tracks were five feet apart and that the cars inclined towards each other and lacked but six inches of touching at the top, and that plaintiff while climbing to the top of his car upon the ladder on its side was crushed between the cars because of their nearness. *p. 58.*

SAME.—*Personal Injury.—Knowledge of Danger.—Negligence.*—In an action by a brakeman against a railroad company for injuries received by being struck by a box car which was left on the side-track by a conductor of a preceding train, the opportunity of plaintiff to ascertain the danger was not equal to that of the conductor of the preceding train, since it was the duty of the conductor to see that the car was placed safely in upon the side-track and the plaintiff had the right to assume that the place had not been negligently left unsafe for the proper and careful performance of his service there. *p. 58.*

APPEAL AND ERROR.—*Overruling Motion to Direct Verdict.*—*Cause for New Trial.*—Alleged error in overruling a motion to direct a verdict should be made a cause in a motion for a new trial, and presented on appeal under an assignment of error in overruling the motion for a new trial; such question can not be presented by independent assignment of error.  *p. 59.*

From Warren Circuit Court; *C. E. Lake,* Special Judge.

Action by Thomas J. Richards against the Chicago & Eastern Illinois Railroad Company for personal injuries. From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*I. E. Schoonover, A. Schoonover, W. H. Lyford, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellant.

*James McCabe, E. F. McCabe, H. D. Billings* and *J. C. Stephens,* for appellee.

BLACK, C. J.—The action of the appellee against the appellant was commenced in 1898, and we are first to pass upon the sufficiency of the complaint, wherein it was alleged, that "the defendant is a corporation duly organized under the laws of the State of ———, of the United States of America, and lawfully authorized to operate the line of railroad hereinafter described, as a common carrier, and at all times since the year 1891 has owned and operated a line of railroad from Brazil, Indiana, to Momence, Illinois, passing through Warren and Benton counties, Indiana; that in November, 1895, the plaintiff was employed by the defendant as a brakeman, and plaintiff entered defendant's service and acted and served it as brakeman continuously from November, 1895, until November 24th, 1897; that on said last named day plaintiff, while engaged as such brakeman, was going north on a local freight train on which he was serving defendant as such brakeman, and said train had reached the town of Oxford, at about half past seven o'clock in the evening.  At said point the plaintiff's duties required him to and he did assist in shunting two cars from the main

line upon a 'Y' side-track, by pulling the coupling pin while the engine was giving said two cars sufficient momentum to carry them upon said 'Y' side-track; and immediately after pulling said pin it was plaintiff's duty, theretofore assigned to him by his conductor, to climb up to the top of one of said cars and take his station at the brake, so that the cars should be under his control and stopped on reaching said 'Y' side-track, which plaintiff attempted to do. Between the point from which said cars were started as aforesaid and said 'Y' side-track, there was another side-track connecting with said main line in the usual manner, except that the first sixty feet of said latter side-track was so negligently constructed that a car standing anywhere on said first sixty feet leaned toward the main line, and said main line along said side-track was so negligently constructed that a car standing thereon leaned toward the said side track, the outside rail of the first sixty feet of said track and main line having an elevation above the inner rails respectively of two inches each, so that two ordinary box-cars standing parallel on said tracks at a point where the inner rails were five feet apart, to wit, at a point about thirty feet from the switch stand, would lack only six inches of touching at the top; and plaintiff avers that at the time aforesaid, to wit, half past seven o'clock in the evening of November 24th, 1897, there was a box-car standing on said last named side track which had been negligently left by a conductor of one of defendant's preceding trains on said road in charge of the same, whose duty it was to place said car far enough in upon said side-track that the same would safely clear passing trains, so near to the switch stand, or connection with the main track, that the inner rails of said track were less than five feet apart, so that an ordinary box car in passing along on the main track would come within six inches of touching it at the top; and plaintiff avers that at said time last aforesaid, while engaged as aforesaid, in climbing up to the top of the car which he had just uncoupled from the engine, and while

on the ladder on the side of the car next to said box car on said side-track, unable to see said standing box car on account of the darkness and his absorption in his duties, and without any knowledge that said box car had been so negligently left as aforesaid, and without any fault or carelessness whatever on his part, plaintiff was struck, rolled and crushed between the car he was on as aforesaid and the car standing on said side-track, so that he became unconscious and fell to the ground; that it was very dark at that time, so that plaintiff could not see, and plaintiff was wholly absorbed in his duties, and could not see said car if he had looked, and could not have known that said cars would come dangerously near together if he had seen said car standing on said side-track; and plaintiff avers that his injuries were caused solely by the fault and carelessness of the defendant and of its servants and employes in leaving said box car standing on said side-track at a point where the rails were only five feet apart as aforesaid, and inclined as aforesaid, and without any fault or carelessness of plaintiff whatever. And he avers that by the injuries received as aforesaid he suffered great pain and anguish both of mind and body ever since, and that he has thereby been permanently disabled and rendered unable to earn a living for himself and family, to his damage," etc.; wherefore, etc.

There is indication in the briefs for the appellee that his counsel regard the complaint as sufficient upon either of two theories, one theory being that the injury to the appellee was caused by the concurring acts of negligence of his employer and of his fellow servant, the employer's negligence consisting in the construction of the tracks as alleged, and that of the fellow servant consisting in the leaving of the box car on the side-track as averred; and the other theory being that the case falls within the provision of our employer's liability act of 1893 (§7083 *et seq.* Burns 1894, §7084 Burns Supp. 1897, §5206s Horner 1897), making the employing corporation, except municipal, liable for damages

for personal injury suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence, "where such injury was caused by the negligence of any person in the service of such corporation who has charge of any signal, telegraph office, switch yard, shop, round-house, locomotive engine or train upon a railway."

A pleading should proceed upon some definite theory, yet it is provided by our code that a complaint shall contain a statement of the facts constituting the cause of action in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. Inasmuch as the employer's liability act provides for the recovery of damages for injuries caused by negligence of fellow servants, in certain instances, it may be true sometimes that a statement of the facts as they will be established by the evidence will show a cause of action under that statute and also show facts which before its enactment would have entitled an injured employe to damages because of concurrent negligence of the employer and of the injured employe's fellow servant; and in our employer's liability act it is provided that nothing therein shall be construed to abridge the liability under existing laws.

If it can be ascertained that the complaint states a cause of action upon any theory, it will not be needed, in determining merely the question as to the sufficiency of the pleading, to determine also whether or not it shows a cause of action under some other theory.

A side-track running out from a main track, in the ordinary mode of proper construction, will necessarily at some point near the junction be too near to the main track for a car wholly upon the side-track at such point to be safely passed by a car upon the main track. We could not say, as a matter of law, that, taking into account the needed curvature of the tracks in a particular situation, a construction which would not permit a car upon the main track to pass a

car on the side-track, unless standing further in than thirty feet from the junction of the tracks, or the switch stand, without danger to employes in the performance of their proper duties at that place, would not be a negligent construction.

The complaint states it to have been the duty of the conductor who left the car upon the side-track to place it far enough in upon that track safely to clear passing trains. It is inferable that the side-track was a safe place, with reference to passing trains, for the placing of a car, except within a space near the switch stand, where the car in question was left, and that if the conductor had done his duty he could and would have left the car at a place where a passing train would clear it without danger. The car was left where its presence was dangerous to the appellee in the performance of his duty; but it would have been left at a place where without regard to any peculiarity in the construction of the tracks, he would have been free from such danger, if the conductor had done his duty under his employment as a servant of the railroad company. We need not determine whether or not it could have been properly found by a jury, under all the circumstances that might appear in evidence, that there was negligence in failing so to construct the tracks as to make it safe to leave a car within the designated distance from the switch stand, which negligence conjointly with that of the conductor caused the injury. The appellee, near the close of his complaint, avers, "that his injuries were caused solely by the fault and carelessness of the defendant and its servants and employes in leaving said box car standing on said side-track at a point where the rails were only five feet apart as aforesaid, and inclined as aforesaid, and without any fault or carelessness of plaintiff whatever"; and the negligence in so leaving the box car, to which the injuries are thus attributed, is in the former part of the complaint alleged to have been the negligence of a conductor of one of the appellant's preceding trains on the railroad in charge of the

same. Notwithstanding the averment of negligence of the railroad company in the construction of the tracks in describing the situation, we think, having reference to the concluding averment above quoted, we may properly agree with counsel for the appellant that the complaint proceeds under the employer's liability act.

To bring a case within the meaning of the terms of the portion of the act on which this case is based, and to make the negligence charged available in the action against the corporation, it must have been the negligence of some person in the service of the corporation, "who has charge of" a ("any") train upon a railway, and the injured person must have been an employe of the same corporation, the injury having been suffered by him while in its service and in the exercise of due care and diligence; but it is not necessary that the injured person should have been an employe upon or connected with the train in charge of the person to whom the negligence is attributed, or any other train, or subject to the orders or management of the negligent person, or that the injury should have been inflicted by a train, in motion or otherwise, or that the injury should have been coincident with the negligent act or omission or immediately thereafter, or that the injury should have occurred while the person to whom negligence is attributed had charge of the train. The negligence, however, must occur while the person to whom it is attributed "has charge", and must be negligence in his service of having charge of a train upon a railway. It must be negligence in the exercise of the duty of having charge of a train upon a railway. Mere lapse of time, however, will not prevent liability of the corporation, which will be complete if negligence be shown on the part of a person for whom the corporation was at the time thereof responsible and damage of which it can properly be said the negligent act or omission was the proximate cause.

Aside from the averments relating to the negligent construction of the tracks in the complaint before us, the case is

much like *Dacey* v. *Old Colony R. Co.,* 153 Mass. 112, 26 N. E. 437, where the action was under the employer's liability act to recover for personal injuries to one employed by the railroad company, suffered while he was in the exercise of due care, through the alleged negligence of a person in the service of the defendant who had charge of a locomotive engine or train upon its railroad, in leaving a car standing so near a moving train which the injured employe was getting upon that there was not sufficient room for his body to pass, and he was injured by coming in contact with the stationary car. The statute gave the right of action for a personal injury caused by "the negligence of any person in the service of the employer who has the charge or control of any * * * locomotive engine or train upon a railroad." It was said, per Knowlton, J., "If there was negligence in leaving the car where it stood [which under the circumstances of the case, it was held, was a proper question for the jury] the jury might have found that it was the negligence of the person in charge of the train of which the car was a part when it was left." See, also, *Kansas City, etc., R. Co.* v. *Burton,* 97 Ala. 240, 12 South. 88.

It is pointed out by counsel that, while the complaint shows that the appellee had been in service as a brakeman for the appellant for two years, it is not alleged that he did not know of the condition of the track at the place in question; and it is stated by counsel that in the absence of any averment that appellee did not know and had not opportunity to know of the unsafe condition of the premises, he can not recover for injuries sustained by reason of such unsafe condition. The authorities do not warrant so broad a proposition concerning a complaint of the employe against the employer for personal injury through negligence in any case. It is never necessary in such case for the injured employe to allege that he had not opportunity of knowing the unsafe condition of the premises.

An employe can not be said to assume the risk of working

with a defective appliance or in an unsafe place, merely because he has actual or imputed knowledge of the condition of things; he must also be chargeable with knowledge that danger exists in such condition. In his complaint he must, in the ordinary common-law action, negative knowledge on his part of the want of safety or want of knowledge of the defective condition, but he need not aver or show by the allegation of facts that he had no means or was without opportunity to ascertain the defect or the danger. It is enough to aver want of knowledge of the defect or want of knowledge of the danger.

In *Louisville, etc., R. Co.* v. *Sandford,* 117 Ind. 265, it is said: "Employes assume all the ordinary risks incident to the employment, but they assume no extraordinary risks caused by the employer's breach of duty, unless they have knowledge of the unusual danger caused by the breach, and voluntarily continue in the company's employment. * * * The knowledge of the danger adds it as one of the incidents of the employment which the employe assumes." The complaint in that case was held insufficient for want of an averment that the intestate was ignorant of the unsafe condition of the bridge.

In *Louisville, etc., R. Co.* v. *Corps,* 124 Ind. 427, 8 L. R. A. 636, it was said: "In order to make a good complaint, in such cases as this, it is essential that it should be averred that the plaintiff had no knowledge of the danger, since if he did have knowledge and voluntarily continued in the master's service, he is deemed to have assumed the risk as an incident of his service."

In *Ohio, etc., R. Co.* v. *Pearcy,* 128 Ind. 197, it was said that the employe had the right to proceed to use the appliances for the operation, running, and management of the train, "relying upon the master having discharged his duty and provided safe appliances without stopping to investigate the sufficiency or soundness of the appliances, unless the defect was so apparent as to convey to him its unsafe

and dangerous condition upon his approach without investigation." In the complaint in that case it was said, that the "unsafe and defective condition of" the appliance was unknown to the intestate. This was held to be sufficient, and it was said not to be necessary in a suit for damages by an employe against the employer to aver in the complaint facts showing affirmatively that the employe had no means of ascertaining the defect. See, also, *Evansville, etc., R. Co.* v. *Duel,* 134 Ind. 156; *Cleveland, etc., R. Co.* v. *Parker,* 154 Ind. 153.

In *Consolidated Stone Co.* v. *Summit,* 152 Ind. 297, it is said: "While an employe assumes the risk from obvious defects or dangers, open to ordinary careful observation, or such as would be known by the exercise of ordinary care * * * yet it is only necessary to allege that he did not know of such defect or danger; and such allegation not only repels actual knowledge, but any implied knowledge."

What we have said in response to the objection now under observation is applicable to a complaint in an ordinary action at common law by an employe against his employer for personal injury occasioned by the negligence of the employer through a dangerous defect against which it is the duty of the master to provide unless the risk of the danger has been assumed by the employe. The denial of knowledge is required for the purpose of showing the danger to be one the risk of which was not assumed by the employe. At common law, the negligence of fellow servants is one of the ordinary risks assumed by the employe, and it would be unavailing to deny knowledge of danger occasioned by the negligence of a fellow servant and not by negligence of the employer. It would be but an attempt to deny an assumption of risk which the law presumes as an implied stipulation in the contract of the master and servant, an implied agreement arising out of the contractual relation of the parties. The right of action asserted in the case at bar is one given by statute, and one which could not exist without the statute.

It is for an injury occasioned by the negligence of a fellow servant, and not for an injury caused by the negligence of the master in supplying a place or appliance not reasonably safe, or suffered by reason of a defect in the condition of ways, works, plant, tools, or machinery, the result of negligence of the corporation or of a person entrusted by it with the duty of keeping such ways, works, etc., in proper condition. The conditions produced by the fellow servant's negligence rendered the performance of the injured employe's duty dangerous. He was injured while in the line of his duty, through the negligence of one for the consequences of whose negligence the statute makes the employer responsible; and this is an action to hold the employer to his statutory responsibility for the negligence of his servant, under particular specified circumstances. The statute declares that the corporation shall be liable for damages for personal injury suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence, in specified cases, the one here involved being where the injury was caused by the negligence of a person in the service of such corporation who had charge of a train upon a railway.

The injured employe, by the terms of the statute, must have been in the exercise of due care and diligence, but how far, if at all, the rules of pleading in the common-law action of the servant for negligence of the master are to be modified, in relation to the assumption of risk, need not be decided in this connection; for it is shown in the complaint that the injured employe had no knowledge of the danger and could not have knowledge thereof, under the circumstances. The condition of the track was not in itself dangerous. It was the presence of the car upon the side-track that made the danger and caused the injury, and of that condition the appellee was shown to be excusably ignorant. The pleading in this regard was sufficient to satisfy the requirements of a common-law action for negligence in providing

an unsafe place to work, and nothing more definite could be requisite in this statutory action for negligence of a fellow servant.

Some objection is raised in argument on the ground that while the pleading shows the distance between the tops of the cars and between the tracks, it is not stated that the appellee was at the top of the car when struck. The form of the cars mentioned in the pleading is sufficiently indicated, and it is shown that they inclined toward each other, and that while the appellee was climbing to the top of his car upon the ladder on its side he was struck and rolled and crushed between the cars because of their nearness to each other. The appellant was sufficiently apprised of the condition of the cars and of the situation of the appellee, and it is not surprising that no wish was expressed to have the pleading made more definite and specific in this regard.

It is assumed in argument that the opportunity of the appellee to know the danger was as good as that of the conductor, and it is contended that as it is alleged that the appellee could not know the dangerous conditions, therefore the conductor could not be regarded as negligent. The situations and opportunities for knowledge of the danger of the two employes are not shown to have been alike. In this connection it would be proper to consider, also, that it was the duty of the conductor to see to it that the car was safely in upon the side-track; he would be negligent not to do so. Such duty of inspection of the situation and position of the car on the side-track did not rest upon the appellee, who had the right to assume that the place had not been negligently left unsafe for the proper and careful performance of his service there.

There is in the brief of counsel for the appellant an expression of dissatisfaction with a decision of the Supreme Court, in a case not named by counsel, upon the question as to the constitutionality of our employer's liability act.

The Supreme Court transferred the case at bar to this

court, presumably being of the opinion that no question of constitutional law is so presented as to require a decision thereon. We are of the opinion that the complaint stated facts sufficient to constitute a cause of action.

There has been some discussion of an assignment of error in overruling the appellant's motion for an instruction to the jury to return a verdict in favor of the appellant. This alleged error does not appear to have been made a cause in the appellant's motion for a new trial. Such a matter should be stated as a cause in a motion for a new trial, and should be presented to this court under an assignment of error in overruling the motion for a new trial; it cannot receive consideration when it is sought to present it here by independent assignment of error only.

We do not find occasion for disturbing the result reached in the trial court because of insufficiency of the evidence or for error in the giving or the refusal of instructions to the jury. To refer more particularly to these matters would seem to be a lengthening of this opinion for no useful purpose.

Judgment affirmed.