# Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* Federle, Guardian.

[No. 7,575.  Filed April 5, 1912.]

1. Appeal.—*Motion for Directed Verdict.*—*Manner of Presenting Question.*—No question is presented by an independent assignment that the court erred in overruling a motion for directed verdict at the close of the evidence, but the alleged error should be included in the motion for a new trial. p. 150.

2. Railroads.—*Crossing Accident.*—*Proximate Cause.*—*Complaint.* —*Sufficiency.*—Where it appears from the averments of the complaint, in an action for injuries received in a crossing accident, that plaintiff's ward approached the crossing from the north in a heavily loaded wagon, that he stopped, looked and listened, but neither seeing nor hearing anything, entered upon the track and then saw a rapidly approaching train, that his only means of escape was to go down the south approach to the crossing which defendant had negligently constructed on a forty per cent grade, of loose, unpacked sand and gravel, that it was dangerous and its condition unknown to plaintiff's ward, that in going down said approach said ward was thrown from his wagon and injured, the complaint sufficiently shows that the fall and injury alleged were the proximate result of the negligent construction of the crossing. p. 150.

3. Trial. — *Verdict.* — *Answers to Interrogatories.* — *Conflicting Answers.*—*Effect.*—Where answers by the jury to certain interrogatories are in conflict with its answers to other interrogatories, their effect is thereby nullified and rendered unavailing to overthrow the general verdict. p. 152.

4. Railroads.— *Crossing Accident.*— *Dangerous Crossing.*— *Contributory Negligence.*—Even though one may know that there is danger in driving over a railroad crossing, he is justified in proceeding if in so doing he uses such care and caution as a person of ordinary prudence, in like place, would deem sufficient successfully to guard against the threatening danger. p. 152.

5. Railroads.—*Crossing Accident.*—*Negligence.*—*Proximate Cause.* —*Evidence.*—*Sufficiency.*—In an action against a railroad company for injuries to plaintiff's ward, evidence showing that at the time of the injury defendant was engaged in reconstructing its road so that the grade of the south approach to the crossing where the injury occurred had been increased from about four per cent to about forty per cent, and so as to leave an abrupt drop of four or five inches from the level of the crossing to the highway and that the defendant had lessened the

width of the highway along the approach from thirty feet to about nine feet and covered it with loose gravel into which vehicles sank as they passed over it, and that plaintiff's ward in driving from the track onto the south approach suddenly pitched downward and fell from his wagon and was injured, was sufficient to warrant the jury in finding the construction of the crossing and approach to have been negligent and that the fall and injury were caused by the slope and by the wheels of the wagon suddenly sinking into the loose gravel thereof. pp. 154, 155.

6. RAILROADS.—*Crossings.—Duty to Maintain in Good Condition.*— Both at common law and by statute it is the duty of a railroad company to keep the crossings of highways and the approaches thereto in good condition for public travel. p. 155.

7. RAILROADS.—*Crossing Accident.—Requirement as to Ordinary Care.—Instruction.*—In an action for injuries sustained in being thrown from a wagon while driving over a defective railroad crossing, an instruction which told the jury that the injured person was bound to use reasonable care and caution to avoid injury, and that the degree of care and caution required of him was such as would have been reasonably proportionate to the known difficulty and danger in crossing, was not misleading and was sufficient to inform the jury that he was required to use the care an ordinarily prudent and cautious person would use under like circumstances to avoid injury and that such care is always proportionate to the known danger. p. 155.

8. APPEAL.—*Harmless Error.—Instructions.*—The inadvertent use of the word "plaintiff" instead of "plaintiff's ward" in instructions is not reversible error where it does not appear that that could or did in any way mislead the jury. p. 156.

9. APPEAL.—*Review.—Harmless Error.—Instructions.*—In an action for personal injuries sustained in being thrown from a wagon while driving over a defective railroad crossing, where an examination of the testimony shows nothing that could have been considered "under the evidence" except elements of compensation for the alleged injury, and the size of the verdict indicates that nothing speculative or improper entered into it, an instruction was harmless, although perhaps technically incorrect, which called attention only to elements of actual damage to be considered, if shown by the evidence, and concluded by stating that the injured party should be awarded such damages as he was "fairly entitled to" under the evidence. p. 156.

10. TRIAL.—*Instructions.—Refusal.—Covered by Other Instructions.*—It was not error to refuse instructions tendered by appellant that were in substance covered by instructions given by the court. p. 157.

Cleveland, etc., R. Co. v. Federle—50 Ind. App. 147.

11. INSANE PERSONS.—*Action by Guardian.—Evidence.—Record of Adjudication of Insanity.*—In an action by the guardian of an insane ward to recover for injuries sustained by the ward, the probate order book showing the adjudication of the mental unsoundness of plaintiff's ward was competent to prove plaintiff's authority to bring the suit. p. 157.

12. INSANE PERSONS.—*Action by Guardian.—Evidence.—Record of Adjudication of Insanity.—Admission.—Objection.*—In an action by the guardian of an insane ward to recover for injuries sustained by the ward, where defendant objected to the admission of the probate order book showing the adjudication of the mental unsoundness of plaintiff's ward on the ground that the record was not competent evidence because defendant was not a party to the proceedings and that, if it was admitted in evidence, parol evidence of the mental condition of the ward could not be received, but admitted that the record was competent evidence to prove the authority of plaintiff to bring the suit, the objection was properly overruled. p. 157.

13. APPEAL.—*Evidence.—Limiting Application.—Presenting Question.*—Where evidence was properly admitted for one purpose no question is presented as to its competency for another purpose, where appellant failed to tender an instruction limiting its application. p. 157.

14. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.—Cumulative Evidence.*—In an action to recover for injuries to plaintiff's ward, where there was other evidence showing the ward's mental condition to be impaired as the result of his injury, and the defendant introduced no evidence whatever on the question, the admission in evidence of the probate order book showing an adjudication of the ward's mental unsoundness was merely cumulative and harmless. p. 158.

From Ripley Circuit Court; *Francis M. Thompson,* Judge.

Action by William Federle, as guardian of Joseph Federle, a person of unsound mind, against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*L. J. Hackney, F. L. Littleton, J. O. Cravens* and *T. S. Cravens,* for appellant.

*Nicholas Cornet, John B. Rebuck* and *R. H. Jackson,* for appellee.

FELT, C. J.—Appellee brought this action to recover damages for injuries alleged to have been sustained by his ward on a public highway crossed by appellant's road, and caused by the negligent construction of the approaches of said highway at said crossing.

The case was tried by a jury, which returned a verdict for appellee in the sum of $1,000, together with answers to interrogatories. From judgment in favor of appellee, this appeal was granted. Appellant assigns error in the overruling of (1) the demurrer to the amended second paragraph of supplemental complaint, (2) the motion for directed verdict at the close of the evidence, (3) appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict, (4) the motion for a new trial.

Appellant's second alleged error presents no question as an independent assignment, but is properly included in the motion for a new trial. *Chicago, etc., R. Co.* v. *Rich-*
1. *ards* (1901), 28 Ind. App. 46, 59, 61 N. E. 18; *Rhod-ius* v. *Johnson* (1900), 24 Ind. App. 401, 403, 56 N. E. 942.

In support of its first proposition, appellant con-
2. tends that appellee's complaint is defective as against demurrer, in that it fails to show any causal connection between the negligence complained of and the injuries sustained by appellee's ward.

From the averments of the complaint it appears that on December 27, 1906, and for some time prior thereto, defendant was engaged in elevating its tracks and reconstructing its roadbed at a place where said tracks crossed a public highway; that on said date plaintiff's ward, Joseph Federle, while driving with a loaded wagon along said highway, approached said crossing from the north; that he stopped, looked and listened for an approaching train, but neither saw nor heard any; that he drove upon the railroad track, and then saw a train approaching him from the east at a

high rate of speed; that because said crossing was only nine feet wide instead of thirty feet, the width of the highway, he could not turn to either side, and on account of the rapidly approaching train he could not stop; that he was thus forced to continue on his way and go down the south approach to the crossing; that said south approach was constructed on a forty per cent grade, and was built of loose, unpacked sand and gravel; that it was in a dangerous condition, and said dangerous condition was unknown to plaintiff's ward; that in going down said approach said ward was thrown from his wagon, and so injured that he became of unsound mind. The complaint further charges defendant with the negligent construction of said crossing and approach, and alleges that "all of which happenings were occasioned solely by the carelessness and negligence of defendant," and that "on account of said happenings" plaintiff's ward was injured.

It thus appears that said ward used due caution as he approached appellant's tracks; that he knew of no defects in the construction of the highway beyond the railroad; that when he drove upon said tracks, and saw the approaching train, he did the natural, and only possible thing, under the circumstances, when he drove down the south approach; that he had no time to inspect the same, but was forced to use it as he found it, or be struck by the train; that he drove down the steep approach, was thrown from his wagon and injured.

The form and character of the averments of the complaint, relied on to show that the alleged negligence of appellant in constructing the crossing and the south approach thereto caused the injury complained of, are not to be commended, yet, considering all the facts averred, we are forced to the conclusion that the fall and injury alleged were the proximate result of the negligent construction aforesaid. *Vandalia Coal Co.* v. *Price* (1912), 178 Ind. —, 97 N. E. 429, 431; *Cleveland, etc., R. Co.* v. *Stevens* (1912), 49 Ind. App.

647, 96 N. E. 493, 494; *Pennsylvania Co.* v. *Sears* (1894), 136 Ind. 460-465, 34 N. E. 15, 36 N. E. 353.

Appellant contends that its motion for judgment on the answers to the interrogatories notwithstanding the general verdict should have been sustained, for the reason that

3. the jury in answer to interrogatory twenty-one found that it was dangerous for appellee's ward "to drive down the approach to the south track seated on a loose board lying across strips nailed leangthwise on the top of a farm wagon," and in answer to interrogatory twenty-two, found that the danger was open and obvious to one driving down the approach to the south tracks so seated on the top of a farm wagon.

But in answer to interrogatories seventeen, eighteen and twenty, the jury also found that appellee's ward had his horse under control; that travelers on the highway in question could not drive over the approach to the south track in safety by using ordinary care, and that the danger in driving over said approach was not open and obvious. It can not be seriously contended that the position of appellee's ward on his wagon was a negligent or unsafe position for him to assume, nor that it gave him any better opportunity to observe the danger ahead than that which any other traveler possessed. It follows, then, that so far as the jury's answers to the interrogatories are favorable to appellant they are in conflict with other answers, and their effect is thereby nullified and rendered unavailing to overthrow the general verdict. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 448, 78 N. E. 1033; *Richmond St., etc., R. Co.* v. *Beverly* (1909), 43 Ind. App. 105, 110, 84 N. E. 558, 85 N. E. 721; *Union Traction Co.* v. *Vandercook* (1904), 32 Ind. App. 621, 625, 69 N. E. 486.

Even though appellee's ward knew there was danger in driving over the crossing, it did not necessarily fol-
4. low that injury would result, and under such circumstances, and particularly in view of the fact that said

ward's position on appellant's track was one of positive danger on account of the approaching train, he was justified in proceeding, if he used such care and caution as "a person of ordinary prudence, in like place, would deem sufficient successfully to guard against the threatening danger." *Chicago, etc., R. Co.* v. *Leachman* (1903), 161 Ind. 512, 516, 69 N. E. 253; *Town of Gosport* v. *Evans* (1887), 112 Ind. 133, 138, 13 N. E. 256, 2 Am. St. 164.

As against the interrogatories, the general verdict finds in appellee's favor every fact provable under the issues. This includes the finding that his ward exercised care commensurate with the apparent danger of the situation, and acted in a cautious and prudent manner.

In the case of *Chicago, etc., R. Co.* v. *Leachman, supra,* on page 516 it is said: "There is no question of assumed risk in this case, however well appellee knew of the defective condition of the crossing. Appellant, in the construction of its railroad, having intersected an established highway, it became its imperative statutory duty to restore the highway, thus intersected, to its former state, or in a sufficient manner not unnecessarily to impair its usefulness, and in such manner as to afford security for life and property. §5153 Burns 1901, clause 5 [§5195 Burns 1908, Subdv. 5, §3903 R. S. 1881]; *Chicago, etc., R. Co.* v. *State, ex rel.* [1902], 158 Ind. 189, 191, and cases cited. Whatever danger or risk, obvious or otherwise, resulted from the failure of appellant to perform its specific statutory duty to keep the crossing safe and in good condition for travel, was assumed by appellant, who wrongfully created it, and not by appellee. The appellee is answerable only for his conduct in dealing with the defective conditions as he found them. As relates to him the question is: (1) Was it negligence to undertake, at all, to drive his team and load over the crossing in its known condition, and (2) if he might reasonably undertake it, in his effort to do so, did he neglect the observance of any care or precaution required by ordinary prudence under the circumstances?

If he might rightfully undertake to cross, and he used such care as an ordinarily careful and cautious person would observe in driving a like team and load over the crossing, he cannot be adjudged guilty of fault.'' See, also, *Evansville, etc., R. Co.* v. *Crist* (1889), 116 Ind. 446, 451, 19 N. E. 310, 2 L. R. A. 450, 9 Am. St. 865; *Evansville, etc., R. Co.* v. *Marohn* (1893), 6 Ind. App. 646, 652, 34 N. E. 27.

The court did not err in overruling the motion for judgment on the answers to the interrogatories.

In discussing its motion for a new trial, appellant contends that the evidence is insufficient to sustain the verdict, in that it fails to show, (1) that appellant's construction of the crossing and the approaches was, under the circumstances at the time, negligent, (2) that the construction or condition of the crossing, or its approach, or any negligence of appellant was the proximate cause of the injuries of appellee's ward.

There was evidence tending to show that at the time of the injury to appellee's ward, appellant was engaged in reconstructing its roadbed, in raising its tracks at the highway crossing near which the accident occurred, and in putting in a new track at said crossing. In the course of these alterations, and in consequence of the elevation of the tracks, the grade of the south approach had been materially increased from about four per cent. to about forty per cent.; that as one approached the crossing from the north, and passed over the tracks, there was an abrupt drop of some four or five inches from the level of the crossing to the highway on the south side, and then a sharp descent over the south approach for some twelve or fifteen feet to the natural elevation of the highway; that in the work of reconstructing the highway along this approach, it had been lessened in width from about thirty feet to about nine feet, and covered with loose unpacked gravel, into which vehicles sank as they passed over it. It further appears from the evidence that appellee's ward crossed the

tracks in safety, and then as he drove on to the south approach was seen to pitch suddenly downward and fall from his wagon. He was found on his hands and knees by the side of his wagon, crawling and trying to get up. Several physicians testified that the injuries which he received in the fall were sufficient directly to produce this mental unsoundness, which is relied on as an element of damage.

Both at common law and by statute it was appellant's duty to keep and maintain the crossing of the highway and the approaches thereto in good condition for public travel. §5195 Burns 1908, subd. 5, §3903 R. S. 1881; *Evansville, etc., R. Co.* v. *Allen* (1905), 34 Ind. App. 636, 642, 73 N. E. 630; *Lake Shore, etc., R. Co.* v. *McIntosh* (1895), 140 Ind. 261, 277, 38 N. E. 476.

The evidence in this case shows that appellant violated this duty, in that it constructed the south approach to its tracks on a steep grade, of an insufficient width, and covered the same with loose, unpacked gravel. There is evidence from which the jury may have found that the construction complained of was negligent, and that the fall of appellee's ward from his wagon and his injury were caused by the slope of the south approach, and by the wheels of his wagon suddenly sinking into the loose gravel thereof.

Instruction five, as given by the court and complained of by appellant, is as follows: "If the jury believe from the evidence that where the public highway crossed the railroad track, and where the accident happened, if it did happen, was a difficult place to cross with a loaded wagon, drawn by the team of horses and that Joseph Federle was acquainted with the place and the difficulty of crossing, then he was bound to use reasonable care and caution to avoid injury, and that the degree of care and caution required of him was such as would have been reasonably proportionate to the known difficulty and danger in crossing."

The decedent was required to use the care an ordinarily prudent and cautious person would use under like circum-

stances to avoid injury. Such care is always proportionate to the known danger.

The language of the foregoing instruction is not the most apt to convey this meaning, but the instruction fairly interpreted, is subject to no other meaning and could not have misled the jury.

Instructions seven and ten, as given by the court, show an inadvertence by speaking of the "plaintiff," instead of the "plaintiff's ward." It does not appear that such technical defect could or did in any way mislead the jury, and no reversible error is thereby presented. §§407, 700 Burns 1908, §§398, 658 R. S. 1881; *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 387, 74 N. E. 509.

Instruction twelve, as given by the court, is as follows: "If your finding should be for the plaintiff you will take into consideration in estimating the amount of damages, the amount of doctor bill, if any, his care and nursing, if any has been shown, loss of time, if any, together with loss of ability to earn money, if any has been shown, and you will award him such damages as under the evidence you think him fairly entitled to." This instruction is criticised as not limiting the recovery to compensatory damages. The court, in the instruction, calls attention only to elements of actual damage to be considered, if shown by the evidence, and concludes by stating that he should be awarded such damages as he is "fairly entitled to" under the evidence.

While the instruction may be technically incorrect, it, in effect, limits the damages to compensation for loss, occasioned by the alleged injury. The jury could not reasonably have understood from its language that it could award damages for elements of loss different from those mentioned in the instruction. Furthermore, an examination of the testimony shows nothing that could have been considered "under

the evidence'' except elements of compensation for the alleged injury, and the size of the verdict indicates that nothing speculative or improper entered into the verdict. In this situation appellant could not have been harmed by the instruction.

Appellant's instructions two, three, four and seven were, in substance, covered by instructions given by the court, and there was no error in refusing them.

Appellee offered in evidence the probate order book, showing the adjudication of the mental unsoundness of appellee's ward. Appellant objected, on the ground that the record was not competent evidence, because appellant was not a party to the proceedings, and that if admitted in evidence parol evidence of the mental condition of the ward could not be received, but admitted that the record was competent evidence to prove the authority of appellee to bring the suit. The objection was overruled, and the record read in evidence without further comment or statement. The record was at least competent for the purpose admitted by appellant, and the objection was properly overruled on that account, and likewise by reason of the admission of counsel.

If for any reason appellant believed the evidence so admitted should be limited in its application, it should have presented to the court a proper instruction on the subject, but this the record shows was not done.

In this situation we are not called on to decide whether the record so admitted was or was not competent evidence, in this case, of the mental condition of appellee's ward. 22 Cyc. 1133; 1 Greenleaf, Evidence (Lewis's ed.) §556; 2 Elliott, Evidence §1372; *Small* v. *Champeny* (1899), 102 Wis. 61, 78 N. W. 407; *Den* v. *Clark* (1828), 10 N. J. L. 258, 18 Am. Dec. 417; *Andrews* v. *Andrews' Committee* (1905), 120 Ky. 718, 721, 87 S. W. 1080, 90 S. W. 581.

The court clearly instructed the jury that before mental

unsoundness, if shown, could be considered in estimating damages, it must be shown to have resulted from the alleged injury.

Furthermore there was other evidence tending to show the impaired condition of the ward's mind subsequent to his injury, and the testimony of several physicians that 14. such infirmity was the natural and probable result of the alleged injuries. Appellant introduced no evidence whatever on the question of the ward's insanity and therefore was not harmed by the admission in evidence of the probate record, for if considered upon the question of the mental condition of the ward, it was only cumulative evidence upon the subject. *Hauck* v. *Mishawaka Woolen Mfg. Co.* (1901), 26 Ind. App. 513, 60 N. E. 162; *Indiana Union Traction Co.* v. *Scribner* (1911), 47 Ind. App. 621, 93 N. E. 1014, 1020.

The record presents no reversible error. It having been made to appear that appellee's ward has died since the submission of this cause, the judgment is therefore affirmed, as of the date of the submission.

NOTE.—Reported in 98 N. E. 123. See, also, under (1) 2 Cyc. 999; (2) 33 Cyc. 1053; (3) 38 Cyc. 1926; (4) 33 Cyc. 985; (5) 33 Cyc. 1090; (6) 33 Cyc. 925; (7) 33 Cyc. 1138; (8) 38 Cyc. 1595; (9) 38 Cyc. 1814; (10) 38 Cyc. 1711; (12) 38 Cyc. 1388; (13) 38 Cyc. 1756; (14) 38 Cyc. 1419. As to a railroad company's liability for a person's injuries due to negligent construction or maintenance by it of a highway crossing, see 90 Am. Dec. 58.