## WEBSTER ET AL. *v.* ADAMS.

[No. 11,369.   Filed January 30, 1923.]

1. FRAUD.—*Fraudulent Representations. — Promissory State-ments.—Representations of Existing Facts.*—Fraud cannot be predicated upon statements promissory in their nature and relating to future action, but the representations must be of an existing fact. p. 264.

2. CANCELLATION OF INSTRUMENTS.—*Deeds.—Allegations of Fraud.—Sufficiency.—Promises of Future Performance.*—In an action to cancel a deed given in consideration of grantees' promise to care for grantor, complaint *held* sufficient to charge fraud as against the objection that the averments relied upon to show fraud consisted of promises to be performed in the future. p. 264.

3. PLEADING.—*Complaint.—Constructions on Demurrer.*—In determining the sufficiency of the complaint on demurrer, facts well pleaded in the complaint must be taken as true. p. 264.

4. CANCELLATION OF INSTRUMENT.—*Deeds.—Consideration. — Future Support of Grantor.—Fraud.*—Equity will cancel a deed made by an aged and infirm person in consideration of support for life, if there is the slightest proof that the execution of the deed was induced by fraud. p. 265.

5. CANCELLATION OF INSTRUMENT.—*Deeds.—Consideration. — Future Support of Grantor.—Fraud.—Equitable Relief.*—Courts of equity have jurisdiction to cancel, for fraud, deeds made by aged persons in consideration of support, as the agreement for the support of the grantor for life creates a continuing obligation on the part of the grantee, for the breach of which the remedy at law is not complete and adequate. p. 265.

6. APPEAL.—*Questions Reviewable.—Ruling on Demurrer.*—Where it affirmatively appears from the record that the cause was tried, and the decision rendered, upon the second paragraph of the complaint, and the merits of the case were fairly determined, the court on appeal will not pass upon the sufficiency of the first paragraph of the complaint as against demurrer. p. 266.

From Parke Circuit Court; *Henry Daniels,* Judge.

Action by John Adams against Samuel Webster and wife. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Frank R. Miller, Charles B. Swayne* and *William H. Beeler,* for appellants.

*J. M. Johns,* for appellee.

REMY, J.—Suit by appellee against appellant to cancel deed for fraud. Complaint in two paragraphs. The material averments of second paragraph are: On November 16, 1918, appellee was the owner in fee, and in possession, of certain real estate of the value of $1,000; was a man sixty-six years of age, and wholly inexperienced in business matters, having for more than twenty-five years been a railroad section hand; that he had no family, his wife, who had borne him no children, having recently died; "that the loss of his wife and only companion preyed upon his mind," and that "by reason of his advanced age, enfeebled condition, and the sorrow and worry and distress of mind over the decease of his wife," he was not "competent to transact business of any kind; that, in addition to said worry, distress of body and mind, as aforesaid, he was sleepless at night, very nervous and debilitated generally in body and mind, and by reason of all said facts and conditions was incapable of comprehending the nature and import of general business, and especially any disposition of his real estate;" that appellants were husband and wife, lived just across the street from the home of appellee, and were related to appellee by marriage, in that appellant Mary Webster was a sister of appellee's deceased wife; that because of the relationship appellants and appellee were much together, and, as appellants well knew, appellee reposed the utmost confidence in them; "that on said date and while so incapacitated, as aforesaid," appellants "unduly, purposely and wilfully exercised their confidential and relation influence over him, well knowing" his said mental and physical condition, and did "purposely and designedly and with fraudulent and false purpose of cheating and defrauding" appellee out

of his real estate, "falsely and fraudulently represented" to him that, if he would by deed convey to them the fee of his real estate, retaining in himself a life estate, they "would care for him in sickness and in health, do his house work, wash for him, nurse him, advise and assist him about his affairs and work, and in every way administer to his every want;" that appellee reposing the fullest confidence in the words and promises of appellants, and believing that they intended to, and would, carry out their agreements and promises, executed and delivered to appellants as tenants by entireties a deed for the fee of his real estate; that all the acts, promises and agreements made to appellee "were made for the false and fraudulent purpose of securing from him" the deed, and that appellants "at no time intended to perform any of said promises as made to him, by which they obtained the title" to his real estate, "or to pay him any valuable consideration therefor, but that by deceit, false and fraudulent acts, as aforesaid, so obtained from him" the deed; that after they so procured the deed they wholly failed to keep and perform their promises and agreements, although requested so to do; and that, before the commencement of this suit, appellee demanded of appellants that they reconvey the real estate to him, which they refused to do.

A motion to strike out parts of the complaint was by the trial court overruled, as were separate demurrers to each paragraph of complaint. Appellants' answer consisted of a general denial, and a special answer which was but an argumentative denial. Trial by the court resulted in a finding and decree for appellee.

Alleged errors properly assigned, and not waived, are: (1) Overruling demurrer to first paragraph of complaint; (2) overruling demurrer to second paragraph of complaint; and (3) overruling motion for new trial.

The only objection to the second paragraph of complaint which has been presented by appellants in their memorandum filed with their demurrer is that the averments thereof are insufficient to charge fraud. It is contended that the recitals in the complaint purporting to charge fraud, are only as to promises to be performed in the future, and that such promises do not constitute fraud.

It is, of course, the general rule that fraud cannot be predicated upon statements promissory in their nature, and relating to future action. *Burt* v. *Bowles* (1879), 69 Ind. 1. Representations upon which fraud can be predicated must be of an existing fact. *Fouty* v. *Fouty* (1870), 34 Ind. 433. An examination of the paragraph of complaint under consideration reveals that it is not subject to the objection made. In addition to the allegation that the promises were falsely and fraudulently made, and that the same were broken, the complaint contains averments setting forth the relationship of the parties and the confidence of appellee in the good faith of appellants because of such relationship. It is also charged in the complaint that appellee was, at the time, mentally incompetent to transact business of any kind,—was, in fact, "incapable of comprehending the nature and import of general business, and especially any disposition of his real estate," which fact was known to appellants. It is further averred that appellants "at no time intended to perform any of said promises  *  *  *  or to pay him any valuable consideration therefor," and that there was, in fact, a total failure of consideration. If these facts, which are well pleaded, are true, and we must take them as true in considering the demurrer, it cannot be said that the only allegations of the complaint purporting to charge fraud consist of promises to be performed in the future. That the charge in the complaint

that appellants, at the time they made the promises, did not intend fulfillment, is the averment of a present fact. See, *Adams* v. *Gillig* (1910), 199 N. Y. 314, 92 N. E. 670, 32 L. R. A. (N. S.) 127, 20 Ann. Cas. 910; *Edington* v. *Fitzmaurice* (1882), 29 Ch. D. (Eng.) 483, 55 L. J. Ch. 650; *Basye* v. *Basye* (1899), 152 Ind. 172, 52 N. E. 797. "Contracts by which aged and infirm persons convey all or a substantial part of their property to others in consideration of an agreement for support, maintenance and care during their declining years, are with practical uniformity recognized by the courts as constituting a class by themselves in matters pertaining to their interpretations and enforcement." *Huffman* v. *Rickets* (1916), 60 Ind. App. 526, 111 N. E. 322; *Cree, Admr.,* v. *Sherfy* (1894), 138 Ind. 354, 37 N. E. 787; *Ikerd* v. *Beavers* (1886), 106 Ind. 483, 7 N. E. 326.

A court of equity will cancel a deed made by an aged and infirm person in consideration of support for life if there is the slightest proof that he was induced thereto by fraud. *Sherrin* v. *Flinn* (1900), 155 Ind. 422, 58 N. E. 549; *Tomlinson* v. *Tomlinson* (1904), 162 Ind. 530, 70 N. E. 881; *Ashmead* v. *Reynolds* (1893), 134 Ind. 139, 33 N. E. 763, 39 Am. St. 238; *Lockwood* v. *Lockwood* (1900), 124 Mich. 627, 83 N. W. 613. Courts of equity have jurisdiction to cancel, for fraud, deeds made by aged persons in consideration of support, for the reason that the agreement for the support of the grantor for life creates a continuing obligation on the part of the grantee, for the breach of which the remedy at law is not complete and adequate. *Lowman* v. *Crawford* (1901), 99 Va. 688, 40 S. E. 17. We hold that the court did not err in overruling demurrer to the second paragraph of complaint.

The only reasons for a new trial presented relate to the sufficiency of the evidence. Though the evidence is

conflicting, there is competent evidence to sustain the decision.

From an examination of the whole record, it affirmatively appears that the cause was tried, and the decision rendered, upon the second paragraph of complaint, and that the merits thereof were fairly determined. Under such circumstances it is unnecessary for us to pass upon the sufficiency of the first paragraph of the complaint. *Federal Life Ins. Co.* v. *Barnett, Admx.* (1919), 71 Ind. App. 613, 125 N. E. 522; *Vulcan Iron, etc., Co.* v. *Electro, etc., Min. Co.* (1912), 54 Ind. App. 28, 99 N. E. 429, 100 N. E. 307; *Volker* v. *State* (1912), 177 Ind. 159, 97 N. E. 422; *Town of Rochester* v. *Bowers* (1899), 23 Ind. App. 291, 55 N. E. 235; *Hauck* v. *Mishawaka, etc., Mfg. Co.* (1901), 26 Ind. App. 513, 60 N. E. 162; §350 Burns 1914, §345 R. S. 1881.

Affirmed.