## MYERS ET AL. v. SPARKS.

[No. 12,472.    Filed November 19, 1926.]

1. APPEAL.—*Overruling motion to make pleading more specific, when harmless error.*—Error, if any, in overruling a motion to make a paragraph of complaint more specific was harmless where the rights of appellant could not have been affected thereby.    p. 343.

2. TRIAL.—It is not error to refuse to strike out evidence admitted without objection.    p. 343.

3. APPEAL.—*Evidence of offer to compromise, when harmless error.*—The admission in evidence of an offer to compromise was harmless error where the facts it tended to prove were established by other uncontradicted evidence to which there was no objection.    p. 343.

From Monroe Circuit Court; *Herbert A. Rundell,* Judge.

Action by Samuel J. Sparks against William E. Myers and others.    From a judgment for plaintiff, the defendants appeal.    *Affirmed.*    By the court in banc.

*E. H. Iglehart* and *Cavins & Crane,* for appellants.

*Will R. Vosloh, Curtis C. Hendren, Webster V. Moffett,* and *James B. Wilson,* for appellee.

REMY, J.—Action by appellee to recover from appellants money had and received in connection with a transaction concerning land of Edward and Kenneth Ogle who were joined with appellants as parties defendant. The action was begun by a complaint in a single para-

graph, in which it is averred, among other things, that the defendants, appellants herein, had received the sum of $6,500, "which said sum was paid to said parties for and on behalf of this plaintiff, and to be delivered by said parties to this plaintiff." As parties defendant, appellants moved that appellee be ordered to make this averment of his complaint more specific, by setting forth the contract, if any, by which they were required to pay the money to appellee. This motion having been overruled, appellee filed three additional paragraphs of complaint, each of which alleged an express agreement on the part of appellants to pay the money to appellee. To the several paragraphs of complaint, an answer in denial was filed. On the trial, the court, at the request of the parties, found the facts specially, and stated its conclusions of law in favor of appellee; and judgment was so rendered.

Rulings of the court assigned as error are: (1) Overruling motion to make complaint more specific; and (2) overruling motion for new trial.

It will not be necessary to discuss at length the alleged error of the court in overruling the motion to make the first paragraph of complaint more specific. The 1. motion might with propriety have been sustained. However, it is apparent from the record that the rights of appellant have in no way suffered because of the action of the court in that regard. Under such circumstances, the error, if any, in overruling the motion is not a cause for reversal. *Clawson* v. *Black* (1923), 80 Ind. App. 111, 138 N. E. 362; *Terre Haute, etc., Traction Co.* v. *McDermott* (1923), 82 Ind. App. 134, 144 N. E. 620.

On the trial, there was introduced by appellee a letter written by appellants' attorney to appellee's attorney, which letter purported to be an offer to 2, 3. pay a certain sum in settlement of the claim

here in controversy. Appellants at the time made no objection to the admission of the evidence; nor is it contended that opportunity to object was for any reason denied to them. The letter having been read in evidence, appellants moved to strike it out. The motion was overruled by the court, and upon this ruling error is predicated. It has many times been held by the courts of appeal of this state that it is not error to refuse to strike out evidence admitted without objection. *Scottish, etc., Ins. Co.* v. *B. E. Linkenhelt & Co.* (1918), 70 Ind. App. 324, 121 N. E. 373; *Spielman* v. *Herskovitz* (1922), 78 Ind. App. 131, 134 N. E. 909; *Eckman* v. *Funderburg* (1915), 183 Ind. 208, 108 N. E. 577; *Cleveland, etc., R. Co.* v. *Wyant* (1893), 134 Ind. 681, 695, 34 N. E. 569. However, the action of the court in overruling the motion to strike out the evidence could in no event have been harmful to appellants, for it clearly appears that the facts which the letter tended to prove were established by other evidence which was uncontradicted, and to which there was no objection. *Naugle* v. *State, ex rel.* (1885), 101 Ind. 284; *Hauck* v. *Mishawaka, etc., Mfg. Co.* (1901), 26 Ind. App. 513, 60 N. E. 162.

Affirmed.