## COE *v.* DICKERSON.

EQUITY—CONTRACT FOR SUPPORT—PART PERFORMANCE—RELIEF.
  Complainant deeded a farm to a son, in consideration of his agreement to pay his parents' debts, care for them during life, and pay certain sums to his brothers in 10 years, for which he gave notes. After complying satisfactorily with the conditions for several years, the son died, leaving a widow, but no children; whereupon complainant filed a bill against the widow to set aside the deed on the ground of non-performance. The court granted such relief on condition that defendant take a lien on the premises for $500, and that complainant restore to her the notes given by her husband to his brothers. *Held*, that such condition was proper and equitable.

Appeal from Oakland; Smith, J.   Submitted November 15, 1901.   Decided December 3, 1901.

Bill by Edward Coe against Anne (Coe) Dickerson to set aside a deed.   From a decree granting conditional relief, complainant appeals.   Affirmed.

*Lewis Severance*, for complainant.

*John H. Patterson*, for defendant.

HOOKER, J.   In the spring of 1891 the complainant deeded to his son John Coe a farm of 79 acres, in consideration that he pay all of their debts, and give to him and wife good care during the remainder of their lives, and decent burials, and, in addition thereto, pay to each of two other sons of the complainant the sum of $200 within 10 years, for which sums John gave to said sons his promissory notes, upon one of which it is claimed a portion was paid.   The complainant took back a life lease of the premises.   John and his wife had lived upon the premises with his parents for several years, and continued to do so, and the testimony indicates that during the two years that he lived thereafter he faithfully worked the place and cared for his parents.   It does not appear that he paid any debts after the deed was made, if he did so before.   John died in November, 1893, leaving a widow (the defendant) and no children.   There has been no administration of his estate.   The widow continued to live with his parents, and at one time demanded weekly wages, which complainant refused to pay; saying that she was welcome to stay there, but he would pay her no wages.   She claims to have remained there steadily for nine months.   Afterwards she was absent on a short visit, and upon her return found a son of complainant and his wife there, and ultimately she moved her things away.   Some attempt was made to adjust the matter amicably, but it failed, and, after the lapse of several years, the complainant filed the bill in this cause to set aside the deed and lease upon the ground of nonperformance.

A hearing was had, and the learned circuit judge who heard the cause filed a written opinion. He found that John Coe worked faithfully for a number of years upon the farm with and for the complainant, under an arrangement made when the deed was made, and accumulated nothing. He was of the opinion that the proceeds of the farm went to pay complainant's debts and support the two families, but found that it was impossible to arrive at any exact figure of debts paid, or what the son's labor was worth to the complainant. He found that everything was satisfactory to the complainant to the time of his son's death; that the other sons had already received about $1,000 each, or its equivalent, from their father, and that it was not equitable that the legal representatives of John Coe should receive nothing in return for what he had done, when, in the opinion of the judge, he had certainly earned as much as either of his brothers; and that his widow was not likely to receive anything from her husband's earnings, unless in this way. He concluded by decreeing that the deed be set aside, but that she should have a lien upon the premises for $500, payable on or before one year after complainant's death, with interest at 5 per cent., payable annually. It was further decreed that complainant should deliver, to be canceled, the unpaid notes referred to as given to his sons. From this decree the complainant has appealed, claiming that the defendant should not have been allowed any sum. After the suit was commenced, the complainant's children executed quitclaim deeds to him of their interests, with a view to conveying to him any legal interest inherited from their brother.

It is said on behalf of the complainant that the widow has no claim for services of her husband, and that, if there was a valid claim, an administrator should have been appointed to enforce it, which she has no right to do. At the time of John's death, he had a valid title to these premises, subject to a life lease in the complainant. He was under obligation to remain upon the premises and

care for his parents, and it may, perhaps, be proper to say that the proceeds of the farm were to be used in the payment of debts. The complainant did not convey a conditional title, and, at the most, had a lien upon John's reversionary interest for nonperformance of his contract. On the other hand, John's representative had no claim against the complainant, for he had received his pay in advance, and that was real estate, which, subject to debts, and the possible lien of his father, descended to his heirs, of whom his wife was one. It might also be said that she also had a dower interest, if nothing more, in the land, subject, of course, to the lien, if there was a lien, which we need not decide. In view of these circumstances, we think it not inequitable to say that she had an interest amounting to $500 in these premises, over and above any claim that the complainant could hope to enforce; and, as "he who seeks equity must do equity," there was no impropriety in requiring it as a condition upon which he should be granted relief, although not claimed in the answer. His right to recover upon the theory of his bill need not be discussed, as the defense conceded the propriety of setting aside the deed upon reasonable terms, and the question is not raised by either side.

We are of the opinion that the decree was a just one, and it is affirmed, with costs of this court.

The other Justices concurred.