MORAN v. BESON.

1. DEEDS—CARE AND SUPPORT—RIGHT TO RESCIND ON FAILURE OF CONSIDERATION.

Where land is deeded in consideration of the care and support of the grantor, the death of the grantee before that of the grantor may constitute a failure of consideration entitling the grantor to rescission, depending in each case upon its own particular facts and circumstances.

2. SAME—WAIVER—SUBSTITUTED PERFORMANCE.

Although the right to rescind accrue to the grantor on the death of the grantee, it may be waived and substituted performance accepted.

3. SAME—WHAT CONSTITUTES WAIVER.

Efforts to adjust performance to a change occasioned by the death of the grantee do not constitute a waiver of the right to rescind unless they result in bringing the beneficiary to the point of being content therewith or give him all he ought to have.

4. SAME—FAILURE OF CONSIDERATION—RIGHT TO RESCIND.

Where land was deeded by a father to his daughter and granddaughter in consideration of his care and support, the death of the daughter before that of the father, held, to constitute a failure of consideration entitling the father to rescind, in view of the fact that he was not satisfied with the support provided after the daughter's death, which included going out for his meals and deprived him of some of his old-time home comforts.

5. SAME—RIGHT TO RESCIND NOT WAIVED.

The efforts of the father to adjust himself to the support provided after the daughter's death, held, not to waive his right to rescind.

6. ABATEMENT AND REVIVAL—CAUSE OF ACTION SURVIVES WHERE PROPERTY RIGHTS INVOLVED.

A cause of action to rescind a contract for failure of consideration does not abate on the death of the person

having such right of action, where property rights are affected.

7. SAME—RIGHT TO RESCIND DEED SURVIVES DEATH OF GRANTOR. A father's death pending his action to rescind a deed to his daughter for failure of consideration did not abate the action.

Appeal from St. Clair; Tappan (Harvey), J. Submitted October 19, 1923. (Docket No. 70.) Decided November 13, 1923.

Bill by Laura G. Moran, administratrix of the estate of James N. Phillips, deceased, against Everett Beson and another to set aside a deed. From a decree for plaintiff, defendants appeal. Affirmed.

*Thomas Wellman,* for plaintiff.

*John W. Breining* and *Shirley Stewart,* for defendants.

WIEST, C. J. This is an appeal from a decree setting aside a deed given by a father to his daughter and infant granddaughter. James Nelson Phillips owned a place on the St. Clair river. His wife was dead and his married daughter, Alice C. Beson, her husband and two children, lived with him. Moved by affection for his daughter Alice and her daughter Dorothy, and desirous of arranging for his care and support during his declining years and to have the personal attention of his daughter, on July 1, 1913, he executed a deed conveying his property to "Alice C. Beson and to Alice C. Beson as trustee for Dorothy Frances Beson, a minor," and received a life lease of the property executed by "Alice C. Beson for herself and for Dorothy Frances Beson, as trustee." The deed and lease made no mention of care and support of Mr. Phillips by his daughter although such was the consideration for the deed.

Alice C. Beson died March 11, 1918, and her death disrupted the arrangement for the care and support of her father.    After her death Mr. Phillips boarded out for a short time, and then another daughter moved in to care for him.    He filed the bill herein to have the deed set aside, for failure of consideration, and the property restored to him.    Before the hearing he died and the suit was revived in the name of the administratrix of his estate.    The circuit judge was clearly right in setting the deed aside.    *Lockwood* v. *Lockwood,* 124 Mich. 627; *Coe* v. *Dickerson,* 129 Mich. 61; *Lewandowski* v. *Nadolny,* 214 Mich. 350.

Defendants admit that the death of a grantee, under circumstances like here disclosed, may constitute a failure of consideration, but contend that right of rescission for such cause may be waived and was waived in this case.    We do not hold that the death of the grantee in such a deed necessarily constitutes a failure of consideration authorizing rescission. Each case must be judged in view of its particular facts and circumstances.    If death of the grantee brings to the grantor right to rescind, it does not follow that the right must be exercised and rescission be sought.    The grantor may waive the right to rescind and accept substituted performance and thereby secure the benefits arranged for.    Efforts, however, to adjust performance to a change occasioned by the death of the grantee, do not constitute a waiver of the right to rescind unless they result in bringing the beneficiary to the point of being content therewith or give him all he ought to have.    Mr. Phillips was not at all content with the various shifts provided by Mr. Beson for his care after the death of Mrs. Beson.    He did not like to go out for his meals, wanted his old-time home comforts, objected to a hired woman coming in the home to care for him,

and finally sent for his daughter Laura to live with and care for him.

Mr. Beson claims he attempted to do all he could, but his efforts did not satisfy Mr. Phillips, and trouble arose and he left the Phillips home.

Mr. Phillips did not waive his right to have rescission. At the hearing it was claimed that the suit abated at the death of Mr. Phillips because the right to have rescission did not survive. It is well settled that a cause of action to rescind a contract for failure of consideration does not abate in any case where property rights are affected. 1 R. C. L. page 47, § 45. If Mr. Phillips had right of rescission and return of title to the property, such right survived his death.

The decree is affirmed, with costs to plaintiff.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.